PinilisHalpern, LLP
William J. Pinilis (024721992)
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111/Fax: (973) 401-1114
Attorney for Plaintiff
File No.: 12204

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROSA ACOSTA, JENNIFER BURCIAGA, ALANA SOUZA, PAOLA CANAS, KIMBERLY COZZENS, JOHN COULTER, MEGAN DANIELS, MARIANA DAVALOS, TIFFANY TOTH GRAY, CIELO JEAN GIBSON, JESSE GOLDEN, VIDA GUERRA, HILLARY HEPNER, JESSA HINTON, RACHEL KOREN, JAMIE EDMONDSON LONGORIA, URSULA MAYES, CARRIE MINTER, DENISE MILANI, DESSIE MITCHESON, EVA PEPAJ, LUCY PINDER, LINA POSADA, ABIGAIL RATCHFORD, JESSICA ROCKWELL, CLAUDIA SAMPEDRO, CORA SKINNER, RHIAN SUGDEN, BROOKE TAYLOR, KATARINA VAN DERHAM, IRINA VORONINA, JENNIFER ZHARINOVA, | Civil Action No.: |
|  | COMPLAINT AND JURY DEMAND FOR: |
|  | (1) Misappropriation of Likeness; |
|  | (2) Unfair Competition, 15 U.S.C. § 1125(a); |
|  | (3) Unfair Competition, N.J.S.A. 56:4-1; and, |
|  | (4) Unfair Competition. |
|  | Jury and Trial Demanded |

Plaintiffs,

v.

RESTAURANT, BAR AND
NIGHTCLUB OWNERS DOING
BUSINESS AT CENTRAL PARK BAR
RESTAURANT AND SUSHI,
ADELPHIA DEPTFORD, LLC d/b/a
ADELPHIA RESTAURANT AND
NIGHTCLUB, ANTHEM LOUNGE,
BOLSILLO, LLC d/b/a CHUPITOS
RESTAURANT, FARAONES
NIGHTCLUB, INFINITY LOUNGE,
AND RIO LOUNGE,

Defendants.

1

Plaintiffs Rosa Acosta, Jennifer Burciaga, Alana Souza, Paola Canas, Kimberly Cozzens, John Coulter, Megan Daniels, Mariana Davalos, Tiffany Toth Gray, Cielo Jean Gibson, Jesse Golden, Vida Guerra, Hillary Hepner, Jessa Hinton, Rachel Koren, Jamie Edmondson Longoria, Ursula Mayes, Carrie Minter, Denise Milani, Dessie Mitcheson, Eva Pepaj, Lucy Pinder, Lina Posada, Abigail Ratchford, Jessica Rockwell, Claudia Sampedro, Cora Skinner, Rhian Sugden, Brooke Taylor, Katarina Van Derham, Irina Voronina, Jennifer Zharinova ("Plaintiffs") set forth and allege as follows:

## INTRODUCTION

### A. PLAINTIFFS

1. Plaintiff Rosa Acosta ("Acosta") is, and at all times relevant to this action was, a professional model and actress, and a resident of California

2. Plaintiff Jennifer Burciaga ("Burciaga") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

3. Plaintiff Alana Souza ("Souza") is, and at all times relevant to this action was, a professional model and actress, and a resident of Nevada.

4. Plaintiff Paola Canas ("Canas") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

5. Plaintiff Kimberly Cozzens ("Cozzens") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

6. Plaintiff John Coulter ("Coulter") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

7.      Plaintiff Megan Daniels ("Daniels") is, and at all times relevant to this action was, a professional model and actress, and a resident of California

8.      Plaintiff Mariana Davalos ("M. Davalos") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

9.      Plaintiff Heather Tiffany Toth Gray ("Gray") is, and at all times relevant to this action was, a professional model and actress, and a resident of California

10.     Plaintiff Cielo Jean Gibson ("C.J. Gibson") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

11.     Plaintiff Jesse Golden ("Golden") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

12.     Plaintiff Vida Guerra ("Guerra") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

13.     Plaintiff Hillary Hepner ("Hepner") is, and at all times relevant to this action was, a professional model and actress, and a resident of South Carolina.

14.     Plaintiff Jessa Hinton ("Hinton") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

15.     Plaintiff Rachel Koren ("Koren") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

16.     Plaintiff Jamie Edmondson Longoria ("Longoria") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

17.     Plaintiff Ursula Mayes ("Mayes") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

18.     Plaintiff Denise Milani ("Milani") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

19.     Plaintiff Carrie Minter ("Minter") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

20.     Plaintiff Dessie Mitcheson ("Mitcheson") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

21.     Plaintiff Eva Pepaj ("Pepaj") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

22.     Plaintiff Lucy Pinder ("Pinder") is, and at all times relevant to this action was, a professional model and actress, and a resident of the United Kingdom.

23.     Plaintiff Lina Posada ("Posada") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

24.     Plaintiff Abigail Ratchford ("Ratchford") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

25.     Plaintiff Jessica Rockwell ("Rockwell") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

26.     Plaintiff Claudia Sampedro ("Sampedro") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

27.     Plaintiff Cora Skinner ("Skinner") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

28.     Plaintiff Rhian Sugden ("Sugden") is, and at all times relevant to this action was, a professional model and actress, and a resident of the United Kingdom.

29.     Plaintiff Brooke Taylor ("Taylor") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

30.     Plaintiff Kimberly Cozzens ("Cozzens") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

31.     Plaintiff Katarina Van Derham ("Van Derham") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

32.     Plaintiff Irina Voronina ("Voronina") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

33.     Plaintiff Jennifer Zharinova ("Zharinova") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

**B.     Defendants**

34.     Upon information and belief, Central Park Bar, Restaurant, Sushi ("Central Park"), is a nightclub, located at 2401 North Wood Avenue, Roselle, New Jersey 07203.

35.     Upon information and belief, Central Park owns and/or operates various social media accounts, including Facebook (https://www.facebook.com/centralparknj/), Instagram (https://www.instagram.com/centralparknj/), and its website (https://centralparknj.com/) through which it promotes its business, solicits customers, and advertises events for Central Park.

36.     Upon information and belief, Central Park has, and at all times mentioned herein had, control over the contents of its website and social media accounts promoting its business.

37.     Upon information and belief, Adelphia Deptford, LLC, ("Adelphia") is a limited liability company and existing under the laws of the State of New Jersey with a principal place of business at 1750 Clements Bridge Road, Deptford Township, New Jersey 08096.

38.     Upon information and belief, Adelphia is now, and at all times mentioned herein was, the operator of the Adelphia Restaurant and Nightclub ("Adelphia Nightclub"), which is a restaurant and Nightclub, located at 1750 Clements Bridge Road, Deptford Township, New Jersey 08096.

39.     Upon information and belief, Adelphia owns and/or operates various social media accounts, including Facebook (https://www.facebook.com/adelphiarestaurant/?rf=177363672361790), Instagram (https://www.instagram.com/adelphiarestaurant/), Twitter (https://twitter.com/adelphia08096?lang=en) and its website (https://www.adelphiarestaurant.com/) through which it promotes its businesses, solicits customers, and advertises events for Adelphia Nightclub.

40.     Upon information and belief, social media accounts, including Instagram (https://www.instagram.com/nightlifefrank) advertise Adelphia Nightclub's events, promote Adelphia's business, and solicit customers on behalf of Adelphia.

41.     Upon information and belief, Adelphia has, and at all times mentioned herein had, control over the contents of its website and social media accounts promoting its business.

42.     Upon information and belief, Anthem Lounge ("Anthem"), is a nightclub and bar, located at 2801 Pacific Avenue, Atlantic City, New Jersey 08401.

43.     Upon information and belief, Anthem owns and/or operates various social media accounts, including Facebook (https://www.facebook.com/AnthemLounge/), Instagram (https://www.instagram.com/anthemlounge/), Twitter (https://twitter.com/anthemlounge?lang=en) and its website (http://anthemlounge.com/) through which it promotes its business, solicits customers, and advertises events for Anthem.

6

44.     Upon information and belief, Anthem has, and at all times mentioned herein had, control over the contents of its website and social media accounts promoting its business.

45.     Upon information and belief, Bolsillo, LLC ("Bolsillo") is a limited liability company and existing under the laws of the State of New Jersey with a principal place of business at 296 Morris Avenue, Elizabeth, Union County, New Jersey.

46.     Upon information and belief, Bolsillo is now, and at all times mentioned herein was, the operator of the Chupitos Restaurant ("Chupitos"), which is a restaurant, "shot-bar," and lounge, located at 296 Morris Avenue, Elizabeth, Union County, New Jersey.

47.     Upon information and belief, Bolsillo owns and/or operates various social media accounts, including Facebook (https://www.facebook.com/chupitosusa/) and (https://business.facebook.com/chupitosusa/), Instagram (https://www.instagram.com/chupitosusa/), and its website (http://www.chupitosusa.com/), through which it promotes its business, solicits customers, and advertises events for Chupitos.

48.     Upon information and belief, third party social media accounts, including Instagram (https://www.instagram.com/deejayhugo/), (https://www.instagram.com/indira__atchupitos/), (https://www.instagram.com/deejaybr/), and (https://www.instagram.com/djtego1/), advertise Chupitos events, promote Bolsillo's business, and solicits customers on its behalf.

49.     Upon information and belief, Bolsillo has, and at all times mentioned herein had, control over the contents of its social media accounts promoting Chupitos.

50.     Upon information and belief, Faraones Nightclub ("Faraones"), is a nightclub, located at 111 East Front Street, Plainfield, New Jersey 07060.

51.     Upon information and belief, Faraones owns and/or operates various social media accounts, including Facebook (https://www.facebook.com/FaraonesNightClubNJ/), Instagram (https://www.instagram.com/faraonesnj/), Twitter (https://twitter.com/faraonesnc), and its website (https://www.faraonesnightclub.com/) through which it promotes its business, solicits customers, and advertises events for Faraones.

52.     Upon information and belief, Faraones has, and at all times mentioned herein had, control over the contents of its website and social media accounts.

53.     Upon information and belief, Infinity Lounge ("Infinity"), is a nightclub, located at 100 Whittaker Avenue, Trenton, New Jersey 08611.

54.     Upon information and belief, Infinity operates a Facebook (https://www.facebook.com/Infinity-108191489237243/) through which it promotes its business, solicits customers, and advertises events for Infinity.

55.     Upon information and belief, Infinity has, and at all times mentioned herein had, control over the contents of its website and social media accounts promoting its business.

56.     Upon information and belief, Rio Lounge ("Rio"), is a restaurant and nightclub, located at 618 Market Street, Newark New Jersey 07105.

57.     Upon information and belief, Rio operates various social media accounts, including Facebook (https://www.facebook.com/myriolounge), Instagram (https://www.instagram.com/riolounge/), and its website (http://myriolounge.com/) through which it promotes its business, solicits customers, and advertises events for Rio.

58.     Upon information and belief, Rio has, and at all times mentioned herein had, control over the contents of its website and social media accounts.

## JURISDICTION AND VENUE

59.     This Court has federal question jurisdiction over this action under 28 U.S.C. §

1331 because Plaintiffs allege violations of 15 U.S.C. §1125, et seq. (the Lanham Act).

60.     Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants are

located in this judicial district.

## FACTUAL BACKGROUND

61.     Each Plaintiff is a professional model and actress who earns a living by

commercializing her identity, image, and likeness through negotiated, arms-length transactions

with reputable commercial brands and companies.

62.     A model's reputation directly impacts the commercial value associated with the

use of her image, likeness, or identity to promote a product or service.

63.     Each Plaintiff expended and continues to expend substantial efforts, resources,

and time in building her reputation in the modeling industry.

64.     Each Plaintiff carefully considers the reputation, brand, and type of good or

service advertised by any potential client prior to authorizing the use of her image or likeness.

65.     Each Plaintiff's career in modeling, acting, and/or private enterprise has

substantial value derived from the goodwill and reputation each has built.  Each Plaintiff

commands substantial sums of money for the licensed commercial use of her image.

66.     As set forth herein, Defendants have brazenly and repeatedly, without consent,

misappropriated Plaintiffs' images and likenesses and used them in their advertisements for their

businesses.

67.     The following are Defendants' respective unauthorized uses of Plaintiffs'

respective images identified so far. Upon information and belief, there are additional

unauthorized uses by the Defendants of the Plaintiffs' images not yet identified by Plaintiffs.

| Plaintiff | Initial Pub. Date | Image URL |
|---|---|---|
| Taylor | 4/1/2014 | https://www.facebook.com/adelphiarestaurant/photos/a.172493486135346.58178.172487459469282/718410951543594/?type=3&theater |
| Rosario | 11/15/2017 | https://www.twitter.com/Adelphiabalis/status/930872128387403779 |
| Rosario | 11/25/2015 | https://www.facebook.com/adelphiarestaurant/photos/a.331112366940123.98815.172487459469282/1029245017126851/?type=3&theater |
| Rosario | 11/20/2015 | https://www.instagram.com/p/-UQF49AtAt/?taken-by=adelphiarestaurant |
| Pepaj | 11/17/2014 | https://www.facebook.com/adelphiarestaurant/photos/a.172493486135346.58178.172487459469282/839093829475305/?type=3&theater |
| Pepaj | 11/17/2014 | https://www.facebook.com/adelphiarestaurant/photos/a.331112366940123.98815.172487459469282/83909283614071/?type=3&theater |
| Pepaj | 11/25/2014 | https://www.instagram.com/p/v1F3aNAtH_/?taken-by=adelphiarestaurant |
| Golden | 6/2/2014 | https://www.facebook.com/adelphiarestaurant/photos/a.331112366940123.98815.172487459469282/7513868882460000/?type=3&theater |
| Rockwell | 11/5/2014 | https://www.facebook.com/adelphiarestaurant/photos/a.172493486135346.58178.172487459469282/832654490119239/?type=3&theater |
| Coulter | 3/17/2014 | https://www.facebook.com/adelphiarestaurant/photos/a.331112366940123.98815.172487459469282/711573308894025/?type=3&theater |
| Canas | 2/18/2014 | https://www.facebook.com/adelphiarestaurant/photos/a.172493486135346.58178.172487459469282/697724396945583/?type=3&theater |
| Sugden | 12/20/2017 | https://www.instagram.com/p/Bc7oLd7H36/?taken-by=adelphiarestaurant |
| Rosario | 11/21/2017 | https://www.instagram.com/p/BbxrwbAFXT8/?taken-by=nightlifefrank |
| Burciaga | 8/7/2018 | https://www.instagram.com/p/BmMndy8HF7M/?taken-by=nightlifefrank |
| Burciaga | 8/8/2018 | https://www.instagram.com/p/BmOUJmCHZib/?taken-by=nightlifefrank |
| Burciaga | 8/4/2018 | https://www.instagram.com/p/BmD4WMnnxKE/?taken-by=nightlifefrank |

| Sugden | 12/20/2017 | https://www.instagram.com/p/Bc7fCbnl6iL/?taken-by=nightlifefrank |
| Sugden | 12/20/2017 | https://www.instagram.com/p/Bc72juTFkCN/?taken-by=nightlifefrank |
| Zharinova | 12/27/2016 | https://www.facebook.com/AnthemLounge/photos/a.446907081997441/1280288538659287/?type=3&theater |
| Zharinova | 12/6/2016 | https://www.instagram.com/p/BNqCXvCjas2/?taken-by=anthemlounge |
| Hinton | 7/13/2018 | https://www.twitter.com/AnthemLounge/media?lang=en |
| Hinton | 8/17/2018 | https://www.twitter.com/AnthemLounge/media?lang=en |
| Hinton | 8/17/2018 | https://www.facebook.com/AnthemLounge/photos/a.446907081997441/1912958708725597/?type=3&theater |
| Hinton | 7/13/2018 | https://www.facebook.com/AnthemLounge/photos/a.446907081997441/1854745634546905/?type=3&theater |
| Hinton | 9/21/2018 | https://www.instagram.com/p/Bn_jPcpnKgy/?taken-by=anthemlounge |
| Hinton | 8/17/2018 | https://www.instagram.com/p/Bml2RdbHqzq/?taken-by=anthemlounge |
| Koren | 4/29/2017 | https://www.instagram.com/p/BTelLwdD0NH/?taken-by=anthemlounge |
| Koren | 4/28/2017 | https://www.twitter.com/AnthemLounge/media?lang=en |
| Koren | 4/29/2017 | https://www.facebook.com/AnthemLounge/photos/a.446907081997441/1401024573252349/?type=3&theater |
| Koren | 9/23/2018 | https://www.anthemlounge.com |
| Gray | 4/15/2017 | https://www.twitter.com/AnthemLounge/media?lang=en |
| Gray | 4/16/2017 | https://www.facebook.com/AnthemLounge/photos/a.446907081997441/138599206808933/?type=3&theater |
| Gray | 4/16/2017 | https://www.instagram.com/p/BS9myRYD8Ql/?taken-by=anthemlounge |
| Gray | 12/25/2016 | https://www.facebook.com/AnthemLounge/photos/a.446907081997441/1279179602103514/?type=3&theater |
| Gray | 12/20/2016 | https://www.instagram.com/p/BOOGAeoAM62/?taken-by=anthemlounge |
| Gray | 12/25/2016 | https://www.twitter.com/AnthemLounge/media?lang=en |
| Gray | 9/23/2018 | https://www.anthemlounge.com |
| Gray | 9/23/2018 | https://www.anthemlounge.com |
| Skinner | 2/26/2012 | https://www.facebook.com/centralparknj/photos/a.144065769013681.37840.143987189020153 9/247029608717296/?type=3&theater |
| Hepner | 10/30/2011 | https://www.facebook.com/centralparknj/photos/a.144065769013681.37840.143987189020153 9/176140919139499/?type=3&theater |
| Voronina | 10/9/2014 | https://www.facebook.com/centralparknj/photos/a.144065769013681.37840.143987189020153 9/709991765754409/?type=3&theater |
| Voronina | 9/18/2014 | https://www.facebook.com/centralparknj/photos/a.144065769013681.37840.143987189020153 9/696294663790786/?type=3&theater |

| Voronina | 11/6/2014 | https://www.instagram.com/p/vEdmBGlAr3/?taken-by=centralparknj |
|---|---|---|
| Voronina | 9/25/2014 | https://www.instagram.com/p/tYP0TSFAsi/?taken-by=centralparknj |
| Voronina | 8/14/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/681730808580505/?type=3&theater |
| Voronina | 7/25/2014 | https://www.instagram.com/p/q4m4opiAIM/?taken-by=centralparknj |
| Longoria | 8/4/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/676091612477758/?type=3&theater |
| Longoria | 7/24/2014 | https://www.instagram.com/p/qlBF4BlAoT/?taken-by=centralparknj |
| Longoria | 8/16/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/682148115205441/?type=3&theater |
| Longoria | 10/12/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/710679912352261/?type=3&theater |
| Longoria | 9/14/2014 | https://www.instagram.com/p/s7xHS2lAm2/?taken-by=centralparknj |
| Longoria | 7/18/2016 | https://www.instagram.com/p/BIAqcKdBnsL/?taken-by=centralparknj |
| Longoria | 12/28/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/747748758645376/?type=3&theater |
| Longoria | 7/27/2015 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/864953630258221/?type=3&theater |
| Longoria | 7/26/2016 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/1067174250036157/?type=3&theater |
| Longoria | 10/12/2014 | https://www.instagram.com/p/uD0w5tlAl3/?taken-by=centralparknj |
| Longoria | 7/27/2018 | https://www.instagram.com/p/BIXYkak8xmL/?taken-by=centralparknj |
| Longoria | 12/28/2014 | https://www.instagram.com/p/xJ9ToylAt8/?taken-by=centralparknj |
| Longoria | 12/28/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/722617947825124/?type=3&theater |
| Longoria | 11/2/2014 | https://www.instagram.com/p/u6ByMcFAjP/?taken-by=centralparknj |
| Longoria | 9/21/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/699105236843062/?type=3&theater |
| Longoria | 12/7/2014 | https://www.instagram.com/p/wUIpRTlAvW/?taken-by=centralparknj |
| Longoria | 9/21/2014 | https://www.instagram.com/p/tNpNktFAl9/?taken-by=centralparknj |
| Longoria | 10/26/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/718823401537912/?type=3&theater |
| Longoria | 10/26/2014 | https://www.instagram.com/p/un5tFcFAjn/?taken-by=centralparknj |
| Longoria | 11/9/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/725815494172036/?type=3&theater |
| Longoria | 11/9/2014 | https://www.instagram.com/p/vMDZT_lAol/?taken-by=centralparknj |

| | | |
|---|---|---|
| Longoria | 10/4/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/706149306138655/?type=3&theater |
| Longoria | 10/3/2014 | https://www.instagram.com/p/ts4lAkLAqB/?taken-by=centralparknj |
| Longoria | 9/28/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/702933363126916/?type=3&theater |
| Longoria | 9/26/2014 | https://www.instagram.com/p/tbPpuvlAob/?taken-by=centralparknj |
| Longoria | 9/7/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/692872080799711/?type=3&theater |
| Longoria | 11/30/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/738621939558058/?type=3&theater |
| Longoria | 11/30/2014 | https://www.instagram.com/p/wB5tYEFAuM/?taken-by=centralparknj |
| Longoria | 12/7/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/741223499297902/?type=3&theater |
| Longoria | 12/21/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/747227982030787/?type=3&theater |
| Longoria | 12/21/2014 | https://www.instagram.com/p/w4MFBgFAny/?taken-by=centralparknj |
| Longoria | 10/26/2014 | https://www.instagram.com/p/un5tFcFAjn/?taken-by=centralparknj |
| Longoria | 7/21/2014 | https://www.instagram.com/p/qubAXAlArl/?taken-by=centralparknj |
| Vanderham | 10/18/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/710708869016032/?type=3&theater |
| Vanderham | 10/18/2014 | https://www.instagram.com/p/uUPkaQFApa/?taken-by=centralparknj |
| M. Davalos | 2/16/2017 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/1245639335522980/?type=3&theater |
| M. Davalos | 2/16/2017 | https://www.instagram.com/p/BQlgZNig2hY/?taken-by=centralparknj |
| Gray | 4/14/2017 | https://www.instagram.com/p/BS4Om2EgkWa/?taken-by=centralparknj |
| Gray | 3/17/2017 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/1292049270881986/?type=3&theater |
| Gray | 4/14/2017 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/1309600755793504/?type=3&theater |
| Gray | 4/14/2017 | https://www.instagram.com/p/BS4Om2EgkWa/?taken-by=centralparknj |
| Hinton | 1/30/2015 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/772274159526169/?type=3&theater |
| Hinton | 1/30/2015 | https://www.instagram.com/p/yfWw_VFAi7/?taken-by=centralparknj |
| Hinton | 9/9/2016 | https://www.facebook.com/centralparknj/photos/a.11066904627512 02.1073742120.143987189021539/1106690532751195/?type=3&theater |
| Hinton | 9/9/2016 | https://www.instagram.com/p/BKI6OSIBD89/?taken-by=centralparknj |

| Hinton | 8/26/2016 | https://www.instagram.com/p/BJl4pXChmUy/?taken-by=centralparknj |
| Van Derham | 10/18/2014 | https://www.facebook.com/centralparknj/photos/a.14406576901368 1.37840.1439871890201539/7107088690916032/?type=3&theater |
| Van Derham | 10/18/2014 | https://www.instagram.com/p/uUPkaQFApa/?taken-by=centralparknj |
| Golden | 5/9/2017 | https://business.facebook.com/chupitosusa/photos/a.1447701112192 221.1073741828.1445788795716786/1684440091851654/?type=3&theater |
| Golden | 5/13/2017 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1685899581705705/?type=3&theater |
| Cozzens | 11/5/2013 | https://www.instagram.com/p/gVldeKmsMO/?taken-by=chupitosusa |
| Cozzens | 11/7/2013 | https://www.instagram.com/p/gbQFzvmsEM/?taken-by=chupitosusa |
| Cozzens | 11/9/2013 | https://www.instagram.com/p/ggPi3EmsE7/?taken-by=chupitosusa |
| Cozzens | 11/9/2013 | https://www.instagram.com/p/gh043PGsle/?taken-by=chupitosusa |
| Burciaga | 8/28/2013 | https://www.instagram.com/p/dkHT5Dmslg/?hl=en&tagged=dondel agentebonita |
| Burciaga | 8/29/2013 | https://www.instagram.com/p/dne_dhGs82/?hl=en&tagged=unarum badif, erente |
| Burciaga | 8/29/2013 | https://www.instagram.com/p/dmUGpDmsAu/?hl=en&tagged=dond elagentebonita |
| Burciaga | 8/29/2013 | https://www.instagram.com/p/dm-6LMGsPD/?hl=en&tagged=dondelagentebonita |
| Burciaga | 8/29/2013 | https://www.instagram.com/p/dnXMvyGsFq/?hl=en&tagged=donde lagentebonita |
| Burciaga | 8/29/2013 | https://www.instagram.com/p/dmHIUuGsCp/?hl=en&tagged=unaru mbadiferente |
| Burciaga | 12/16/2013 | https://www.instagram.com/p/h_Y9ehGsPQ/?taken-by=chupitosusa |
| Burciaga | 12/16/2013 | https://www.instagram.com/p/h_0110msEk/?taken-by=chupitosusa |
| Burciaga | 12/17/2013 | https://www.instagram.com/p/iCCxFPmsJB/?taken-by=chupitosusa |
| Burciaga | 12/18/2013 | https://www.instagram.com/p/iEuMqGmsHj/?taken-by=chupitosusa |
| Burciaga | 12/19/2013 | https://www.instagram.com/p/iHHd1LGsFZ/?taken-by=chupitosusa |
| Burciaga | 12/20/2013 | https://www.instagram.com/p/iKHOHTGsAg/?taken-by=chupitosusa |
| Burciaga | 12/20/2013 | https://www.instagram.com/p/iJf8d6msHR/?taken-by=chupitosusa |
| Burciaga | 3/18/2014 | https://www.instagram.com/p/IsKddFGsDJ/?taken-by=chupitosusa |
| Burciaga | 3/21/2014 | https://www.instagram.com/p/lzvfT-msHw/?taken-by=chupitosusa |
| Canas | 2/10/2014 | https://www.instagram.com/p/kQNHdaGsAd/?tagged=domingosrula y |
| Canas | 2/13/2014 | https://www.instagram.com/p/kXUOvGmsHJ/?tagged=domingosrula y |
| Canas | 2/26/2014 | https://www.instagram.com/p/ke-C9emsPV/?tagged=domingosrulay |

| Canas | 5/23/2014 | https://www.instagram.com/p/oW6ySMms0L/?taken-by=chupitosusa |
| Canas | 5/23/2014 | https://www.instagram.com/p/oWwBE8GsP0/?taken-by=chupitosusa |
| Canas | 5/23/2014 | https://www.instagram.com/p/oWqB_umsGE/?taken-by=chupitosusa |
| Canas | 4/7/2017 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1671463056482691/?type=3&theater |
| Mayes | 4/7/2017 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1671463056482691/?type=3&theater |
| Mayes | 11/21/2015 | https://business.facebook.com/chupitosusa/photos/a.144770111219221.1073741828.1445788795716786/1497755500520115/?type=3&theater |
| Mayes | 11/22/2015 | https://business.facebook.com/chupitosusa/photos/a.144770111219221.1073741828.1445788795716786/1497932713835727/?type=3&theater |
| Mayes | 11/22/2015 | https://business.facebook.com/chupitosusa/photos/a.144770111219221.1073741828.1445788795716786/1497936873835311/?type=3&theater |
| Mayes | 11/22/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1497905757171756/?type=3&theater |
| Mayes | 11/24/2015 | https://business.facebook.com/chupitosusa/photos/a.144770111219221.1073741828.1445788795716786/1498250300470635/?type=3&theater |
| Mayes | 11/24/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498256790469986/?type=3&theater |
| Mayes | 11/24/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498264187135913/?type=3&theater |
| Mayes | 11/24/2015 | https://business.facebook.com/chupitosusa/photos/a.144770111219221.1073741828.1445788795716786/1498269620468703/?type=3&theater |
| Mayes | 11/24/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498278153801183/?type=3&theater |
| Mayes | 11/24/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498285990467066/?type=3&theater |
| Mayes | 11/24/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498291140466551/?type=3&theater |

| Mayes | 11/24/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498299293799069/?type=3&theater |
| Mayes | 11/24/2015 | https://www.instagram.com/p/-esaxHmsDW/?taken-by=chupitosusa |
| Mayes | 11/24/2015 | https://www.instagram.com/p/-fGgG6msBj/?taken-by=chupitosusa |
| Mayes | 11/25/2015 | https://www.instagram.com/p/-hKj-UmsEb/?taken-by=chupitosusa |
| Mayes | 11/25/2015 | https://business.facebook.com/chupitosusa/photos/a.144770111219221.1073741828.1445788795716786/1498459337116398/?type=3&theater |
| Mayes | 11/25/2015 | https://business.facebook.com/chupitosusa/photos/a.144770111219221.1073741828.1445788795716786/1498486290447036/?type=3&theater |
| Mayes | 11/25/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498502203778778/?type=3&theater |
| Mayes | 11/25/2015 | https://business.facebook.com/chupitosusa/photos/a.144770111219221.1073741828.1445788795716786/1498536420442023/?type=3&theater |
| Mayes | 11/25/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498557537106578/?type=3&theater |
| Mayes | 11/25/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498557603773238/?type=3&theater |
| Mayes | 11/25/2015 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1498432927119039/?type=3&theater |
| Mayes | 11/16/2016 | https://www.instagram.com/p/BM30c03gs-j/?taken-by=chupitosusa |
| Mayes | 11/19/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1612318789063785/?type=3&theater |
| Mayes | 11/19/2016 | https://www.instagram.com/p/BNA1jl0g2Jl/?taken-by=chupitosusa |
| Mayes | 11/20/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1612323415729989/?type=3&theater |
| Mayes | 11/20/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1612324325729898/?type=3&theater |
| Mayes | 11/20/2016 | https://www.instagram.com/p/BNDMGvigeJm/?taken-by=chupitosusa |
| Mayes | 11/22/2016 | https://www.instagram.com/p/BNHRgV3gbha/?taken-by=chupitosusa |
| Mayes | 11/23/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1613814328914231/?type=3&theater |

| Mayes | 11/23/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1613614252267572/?type=3&th eater |
| Mayes | 11/23/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1613858668909797/?type=3&th eater |
| Mayes | 11/23/2016 | https://www.instagram.com/p/BNJtTssgqNe/?taken-by=chupitosusa |
| Mayes | 4/7/2017 | https://business.facebook.com/chupitosusa/photos/a.1447701112192 221.1073741828.1445788795716786/1671463056482691/?type=3& theater |
| Gray | 3/7/2016 | https://www.instagram.com/p/BCqkRJkGsGh/?taken-by=chupitosusa |
| Gray | 3/8/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1524211404541191/?type=3&th eater |
| Gray | 3/9/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1524434927852172/?type=3&th eater |
| Gray | 3/9/2016 | https://www.instagram.com/p/BCvqZm-GsPs/?taken-by=chupitosusa |
| Gray | 3/10/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1524705164491815/?type=3&th eater |
| Gray | 3/10/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1524572207838444/?type=3&th eater |
| Gray | 3/10/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1524748811154117/?type=3&th eater |
| Gray | 3/10/2016 | https://www.instagram.com/p/BCzOp7FGsGJ/?taken-by=chupitosusa |
| Gray | 3/10/2016 | https://www.instagram.com/p/BCxf031GsGv/?taken-by=chupitosusa |
| Gray | 3/11/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1524919544470377/?type=3&th eater |
| Gray | 3/11/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1524928817802783/?type=3&th eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a1447701112192221 .1073741828.1445788795716786/1525279897767675/?type=3&the ater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1525264921102506/?type=3&th eater |

| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525255637770101/?type=3&th<br>eater |
|---|---|---|
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525249317770733/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525241201104878/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525231404439191/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525226394439692/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525221444440187/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525217814440550/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525215811107417/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525211997774465/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222<br>1.1073741828.1445788795716786/1525209941108004/?type=3&th<br>eater |
| Gray | 3/12/2016 | https://business.facebook.com/chupitosusa/photos/a.1448482845447<br>3811073741829.1445788795716786/1525217677773897/?type=3&t<br>heater |
| Gray | 3/12/2016 | https://www.instagram.com/p/BC3gjMumsKg/?taken-<br>by=chupitosusa |
| Gray | 3/12/2016 | https://www.instagram.com/p/BC3tTbqGsJS/?taken-by=chupitosusa |
| Gray | 3/12/2016 | https://www.instagram.com/p/BC39Br0GsNS/?taken-<br>by=chupitosusa |
| Gray | 3/12/2016 | https://www.instagram.com/p/BC3fwsfGslm/?taken-by=chupitosusa |
| Gray | 3/12/2016 | https://www.instagram.com/p/BC4DvZKmsN7/?taken-<br>by=chupitosusa |
| Gray | 3/12/2016 | https://www.instagram.com/p/BC3z-B1msHI/?taken-<br>by=chupitosusa |
| Voronina | 12/16/2014 | https://www.instagram.com/p/wrKU-5GsHd/?taken-by=chupitosusa |
| Voronina | 12/17/2014 | https://www.instagram.com/p/wuD4gbGsHS/?taken-by=chupitosusa |
| Voronina | 12/18/2014 | https://www.instagram.com/p/wwJ8fKGsB5/?taken-by=chupitosusa |

| Voronina | 12/18/2014 | https://www.instagram.com/p/wwekHRmsGd/?taken-by=chupitosusa |
|---|---|---|
| Voronina | 12/19/2014 | https://www.instagram.com/p/wywUQfmsDI/?taken-by=chupitosusa |
| Voronina | 12/19/2014 | https://www.instagram.com/p/wzFmuXmsIF/?taken-by=chupitosusa |
| Voronina | 11/27/2016 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1615016158794048/?type=3&theater |
| Voronina | 11/29/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1616103992018598/?type=3&theater |
| Voronina | 11/30/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1616501471978850/?type=3&theater |
| Voronina | 11/30/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1616512678644396/?type=3&theater |
| Voronina | 12/1/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1616922698603394/?type=3&theater |
| Voronina | 12/2/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1617259445236386/?type=3&theater |
| Voronina | 12/2/2016 | https://www.instagram.com/p/BNieBoDgsCL/?taken-by=chupitosusa |
| Voronina | 12/19/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1624770744485256/?type=3&theater |
| Voronina | 12/20/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1625065437789120/?type=3&theater |
| Voronina | 12/20/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1625216084440722/?type=3&theater |
| Voronina | 12/21/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1625441967751467/?type=3&theater |
| Voronina | 12/21/2016 | https://business.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1625394034422927/?type=3&theater |
| Voronina | 12/22/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1625893854372945/?type=3&theater |
| Voronina | 12/23/2016 | https://www.facebook.com/chupitosusa/photos/a.1447701112192221.1073741828.1445788795716786/1626286497667014/?type=3&theater |

| Voronina | 12/24/2016 | https://www.facebook.com/chupitosusa/photos/a.144770111219222 1.1073741828.1445788795716786/1626615507634113/?type=3&th eater |
|---|---|---|
| Sugden | 4/13/2017 | https://instagram.com/p/BS2HKzFjCtC/ |
| Geiger | 12/6/2014 | https://instagram.com/p/wSm9YlJ2fj/?taken-by=faraonesnj |
| Geiger | 1/17/2015 | https://instagram.com/p/x-SprJJ2Vi/?taken-by=faraonesnj |
| Taylor | 5/5/2015 | https://instagram.com/p/2TPOpnp2c2/?taken-by=faraonesnj |
| Zharinova | 10/30/2016 | https://www.facebook.com/events/18328822136943237/ |
| Zharinova | 10/26/2016 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451623 75577824/1151776111583109/?type=3&theater |
| Minter | 10/23/2015 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/917151931712196/?type=3&theater |
| C.J. Gibson | 10/20/2017 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/1502540876506629/?type=3&theater |
| C.J. Gibson | 10/20/2017 | https://instagram.com/p/BacqnxXhK4i/?taken-by=faraonesnj |
| C.J. Gibson | 4/29/2017 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451623 75577824/1340257446608307/?type=3&theater |
| Skinner | 9/1/2016 | https://instagram.com/p/BJyrbUdD1Fs/?taken-by=faraonesnj |
| Sampedro | 9/16/2014 | https://instagram.com/p/tAdKwqJ2UO/?taken-by=faraonesnj |
| Milani | 11/8/2013 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451623 75577824/540966915997368/?type=3&theater |
| Milani | 11/8/2013 | https://instagram.com/p/gdoCkJp2T0/?taken-by=faraonesnj |
| Milani | 7/12/2013 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3455162 375577824/481497428610984/?type=3&theater |
| Mitcheson | 10/27/2017 | https://instagram.com/p/BavMTDxBjoa/?taken-by=faraonesnj |
| Souza | 10/27/2017 | https://instagram.com/p/BavMTDxBjoa/?taken-by=faraonesnj |
| Mitcheson | 10/29/2016 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/1155458181214902/?type=3&theater |
| Souza | 10/29/2016 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/1155458181214902/?type=3&theater |
| Mitcheson | 10/27/2017 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.7664705 46874281/1508696402557743/?type=3&theater |
| Souza | 10/27/2017 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.7664705 46874281/1508696402557743/?type=3&theater |
| Mitcheson | 10/28/2017 | https://www.facebook.com/FaraonesNightClubNJ/events/76647054 0207615/ |
| Mitcheson | 10/31/2015 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/920276711399718/?type=3&theater |
| Pepaj | 10/31/2015 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/920276711399718/?type=3&theater |
| Mitcheson | 1/8/2016 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451623 75577824/951243471636375/?type=3&theater |
| Mitcheson | 10/2/2012 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451623 75577824/353675601393168/?type=3&theater |

| | | |
|---|---|---|
| Mitcheson | 10/30/2015 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451623 75577824/919780871449302/?type=3&theater |
| Pepaj | 10/30/2015 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451623 75577824/919780871449302/?type=3&theater |
| Canas | 12/15/2016 | https://instagram.com/p/BODiBhPjr2q/?taken-by=faraonesnj |
| Canas | 4/7/2015 | https://instagram.com/p/1J5d4bp2ZQ/?taken-by=faraonesnj |
| Canas | 4/10/2015 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/822836917810365/?type=3&theater |
| Canas | 12/2/2016 | https://www.facebook.com/FaraonesNightClubNJ/events/21759032 2017402/ |
| Canas | 01/22/2016 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/1147787395315314/?type=3&theater |
| Koren | 9/9/2015 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451593 12244797/898037460290310/?type=3&theater |
| Acosta | 7/22/2016 | https://www.facebook.com/FaraonesNightClubNJ/events/64036899 6131340/ |
| Acosta | 7/23/2016 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/1072845549476166/?type=3&theater |
| Gray | 10/27/2017 | https://www.facebook.com/FaraonesNightClubNJ/events/20726114 12960307 |
| Gray | 10/28/2016 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.3451623 75577824/1154155444678509/?type=3&theater |
| Gray | 10/29/2016 | https://www.facebook.com/FaraonesNightClubNJ/photos/a.5925566 14171731/1154513411309379/?type=3&theater |
| Gray | 10/28/2016 | https://www.facebook.com/FaraonesNightClubNJ/events/18059569 46356368 |
| Gray | 10/27/2017 | https://www.instagram.com/p/BavL9NnhR8E/?taken-by=faraonesnj |
| Geiger | 10/23/2015 | https://www.facebook.com/108191489237243/photos/a.4005348300 02906/971326086257108/?type=3&theater |
| Geiger | 10/15/2015 | https://www.facebook.com/pg/Infinity-108191189237243/posts/?ref=page_internal |
| Geiger | 10/23/2015 | https://www.facebook.com/events/766418040148227/ |
| Sampedro | 10/1/2014 | https://www.facebook.com/108191489237243/photos/a.1672958033 26811/77539285856790/?type=3&theater |
| Mitcheson | 12/18/2014 | https://www.facebook.com/pg/Infinity-108191489237243/posts/?ref=page_internal |
| Posada | 9/27/2015 | https://www.facebook.com/18191489237243/photos/a.16729580332 6811/961307603925623/?type=3&theater |
| Posada | 11/2/2014 | https://www.facebook.com/18191489237243/photos/a.57489847589 9873/792711687451883/?type=3&theater |
| Posada | 9/27/2015 | https://www.facebook.com/pg/Inifinity-108191489237243/posts/?ref=page_internal |
| Canas | 11/29/2014 | https://www.facebook.com/18191489237243/photos/a.57489847589 9873/806100109446374/?type=3&theater |
| Canas | 11/29/2014 | https://www.facebook.com/pg/Infinity-18191489237243/posts/?ref=page_internal |

| Acosta | 6/20/2015 | https://www.facebook.com/pg/Infinity-18191489237243/posts/?ref=page_internal |
| Guerra | 4/15/2015 | https://www.facebook.com/18191489237243/photos/a.167295803326811/94099565290060/?type=3&theater |
| Ratchford | 10/25/2015 | https://www.facebook.com/myriolounge/photos/a.224160857683852/704131619686771/?type=3&theater |
| Geiger | 9/3/2015 | https://www.facebook.com/myriolounge/photos/a.224160857683852/682397571860176/?type=3&theater |
| Geiger | 12/5/2014 | https://www.facebook.com/myriolounge/photos/a.224160857683852/574569309309670/?type=3&theater |
| Hinton | 2/20/2017 | https://www.facebook.com/myriolounge/photos/a.224160857683852/987457254687538/?type=3&theater |
| Geiger | 11/21/2013 | https://www.facebook.com/myriolounge/photos/a.224160857683852/427465290686740/?type=3&theater |
| Pinder | 7/4/2013 | https://www.facebook.com/events/685649929127560/ |
| Pinder | 7/3/2013 | https://www.facebook.com/myriolounge/photos/a.224160857683852/377255522374384/?type=3&theater |

68.     Defendants' uses as detailed above of Plaintiffs' respective images and likenesses was for Defendants' commercial benefit, and falsely suggest Plaintiffs' respective sponsorship, affiliation, and participation in the Defendants' businesses.

69.     Defendants never sought or obtained permission for any use of any of Plaintiffs' images.

70.     None of the Plaintiffs have ever agreed, nor would they have agreed, to any use by Defendants of their respective images or likenesses to promote Defendants' respective businesses.

71.     Defendants have never paid any of the Plaintiffs for their unauthorized uses of Plaintiff's respective images or likenesses.

72.     Defendants' unauthorized uses of Plaintiffs' respective images and likenesses is knowing, willful, and intentional.

## PLAINTIFFS' ALLEGATIONS

73.     Plaintiffs re-state and re-allege paragraphs 1-72 above, and incorporate the same by reference as though fully set forth herein.

### Plaintiff Rosa Acosta

74.     Plaintiff Acosta is a professional model.

75.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Acosta negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

76.     Faraones and Infinity have never hired or contracted with Plaintiff Acosta to advertise, promote, market or endorse their businesses.

77.     In the images used of Acosta by Faraones and Infinity to promote their businesses and advertise upcoming events, Plaintiff Acosta is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Acosta.

78.     The appropriation of the images of Plaintiff Acosta by Faraones and Infinity were for the purpose of advertising or soliciting patronage of their establishments.

79.     Neither Faraones nor Infinity ever sought Plaintiff Acosta's permission, nor did Plaintiff Acosta give either permission to use her images to advertise and promote their clubs.

80.     Neither Faraones nor Infinity have compensated Plaintiff Acosta for any use of her likeness or image.

81.     Both Faraones and Infinity have actual knowledge that they were using Plaintiff Acosta's image without necessary compensation or consent. Faraones and Infinity knowingly misappropriated Plaintiff Acosta's image and identity in total disregard of Plaintiff's rights.

82.     Faraones and Infinity derived a direct commercial benefit from their unauthorized use of Plaintiff Acosta's image and likeness.

83.     As a direct and proximate result of the respective unauthorized uses of Plaintiff Acosta's image and likeness Faraones and Infinity made profits or gross revenues in an amount to be established at trial.

84.     Plaintiff Acosta has further been damaged as a direct and proximate result of Faraones and Infinity's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Jessica Burciaga**

85.     Plaintiff Burciaga is a professional model.

86.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Burciaga negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

87.     Bolsillo has never hired or contracted with Plaintiff Burciaga to advertise, promote, market or endorse its business.

88.     In the images used by the Bolsillo to promote its business and advertise upcoming events, Plaintiff Burciaga is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Burciaga.

24

89.     Bolsillo's appropriation of the images of Plaintiff Burciaga was for the purpose of advertising or soliciting patronage of Bolsillo.

90.     Bolsillo has never sought Plaintiff Burciaga's permission, nor did Plaintiff Burciaga give it permission to use her images to advertise and promote its business.

91.     Bolsillo has never compensated Plaintiff Burciaga for any use of her likeness or image.

92.     Bolsillo has actual knowledge that it was using Plaintiff Burciaga's image without necessary compensation or consent. Accordingly, Bolsillo knowingly misappropriated Plaintiff Burciaga's image and identity in total disregard of Plaintiff's rights.

93.     Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff Burciaga's image and likeness.

94.     As a direct and proximate result of Bolsillo's unauthorized uses of Plaintiff Burciaga's image and likeness, Bolsillo made profits or gross revenues in an amount to be established at trial.

95.     Plaintiff Burciaga has further been damaged as a direct and proximate result of Bolsillo's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Alana Souza**

96.     Plaintiff Souza is a professional model.

97.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Souza negotiated and expressly granted

authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

98.     Faraones has never hired or contracted with Plaintiff Souza to advertise, promote, market or endorse its business.

99.     In the images used by Faraones to promote its business and advertise upcoming events, Plaintiff Souza is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Souza.

100.    Faraones' appropriation of the images of Plaintiff Souza was for the purpose of advertising or soliciting patronage of its establishment.

101.    Faraones has never sought Plaintiff Souza's permission, nor did Plaintiff Souza give Faraones permission to use her images to advertise and promote its business.

102.    Faraones has never compensated Plaintiff Souza for any use of her likeness or image.

103.    Faraones has actual knowledge that it was using Plaintiff Souza's image without necessary compensation or consent. Accordingly, Faraones knowingly misappropriated Plaintiff Souza's image and identity in total disregard of Plaintiff's rights.

104.    Faraones derived a direct commercial benefit from its unauthorized use of Plaintiff Souza's image and likeness.

105.    As a direct and proximate result of Faraones' unauthorized uses of Plaintiff Souza's image and likeness, Faraones made profits or gross revenues in an amount to be established at trial.

106.    Plaintiff Souza has further been damaged as a direct and proximate result of Faraones' unauthorized use, as she has lost her exclusive right to control the commercial

exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Paola Canas

107.   Plaintiff Canas is a professional model.

108.   In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Canas negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

109.   Adelphia, Bolsillo, Faraones and Infinity have never hired or contracted with Plaintiff Canas to advertise, promote, market or endorse their businesses.

110.   In the images used by Adelphia, Bolsillo, Faraones and Infinity to promote their businesses and advertise upcoming events, Plaintiff Canas is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Canas.

111.   Adelphia, Bolsillo, Faraones and Infinity's appropriation of the images of Plaintiff Canas were for the purpose of advertising or soliciting patronage of its establishments.

112.   Neither Adelphia, Bolsillo, Faraones nor Infinity have never sought Plaintiff Canas' permission, nor did Plaintiff Canas give either permission to use her images to advertise and promote their businesses.

113.   Neither Adelphia, Bolsillo, Faraones nor Infinity have compensated Plaintiff Canas for any use of her likeness or image.

114.   Adelphia, Bolsillo, Faraones and Infinity have actual knowledge that they were using Plaintiff Canas' image without necessary compensation or consent. Accordingly, Adelphia,

27

Bolsillo, Faraones and Infinity knowingly misappropriated Plaintiff Canas' image and identity in total disregard of Plaintiff's rights.

115.    Adelphia, Bolsillo, Faraones and Infinity derived a direct commercial benefit from their unauthorized use of Plaintiff Canas' image and likeness.

116.    As a direct and proximate result of the respective unauthorized uses of Plaintiff Canas' image and likeness, Adelphia, Bolsillo, Faraones and Infinity made profits or gross revenues in an amount to be established at trial.

117.    Plaintiff Canas has further been damaged as a direct and proximate result of Adelphia, Bolsillo, Faraones and Infinity's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Kimberly Cozzens**

118.    Plaintiff Cozzens is a professional model.

119.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Cozzens negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

120.    Bolsillo has never hired or contracted with Plaintiff Cozzens to advertise, promote, market or endorse its business.

121.    In the images used by Bolsillo to promote its business and advertise upcoming events, Plaintiff Cozzens is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Cozzens.

122.    Bolsillo's appropriation of the images of Plaintiff Cozzens was for the purpose of advertising or soliciting patronage of Bolsillo's establishment.

123.    Bolsillo has never sought Plaintiff Cozzens' permission, nor did Plaintiff Cozzens give Bolsillo permission to use her images to advertise and promote its business.

124.    Bolsillo has never compensated Plaintiff Cozzens for any use of her likeness or image.

125.    Bolsillo has actual knowledge that it was using Plaintiff Cozzens' image without necessary compensation or consent. Accordingly, Bolsillo knowingly misappropriated Plaintiff Cozzens' image and identity in total disregard of Plaintiff's rights.

126.    Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff Cozzens' image and likeness.

127.    As a direct and proximate result of Bolsillo's unauthorized uses of Plaintiff Cozzens' image and likeness, Bolsillo made profits or gross revenues in an amount to be established at trial.

128.    Plaintiff Cozzens has further been damaged as a direct and proximate result of Bolsillo's unauthorized use of her image, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff John Coulter**

129.    Plaintiff Coulter is a professional model.

130.    In all prior instances of authorized commercial marketing and promotion of his image, likeness or identity by third parties, Plaintiff Coulter negotiated and expressly granted

authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

131.    Adelphia, has never hired or contracted with Plaintiff Coulter to advertise, promote, market or endorse its business.

132.    In the images used by Adelphia to promote its business and advertise upcoming events, Plaintiff Coulter is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Coulter.

133.    Adelphia's appropriation of the images of Plaintiff Coulter was for the purpose of advertising or soliciting patronage of Adelphia's establishment.

134.    Adelphia has never sought Plaintiff Coulter's permission, nor did Plaintiff Coulter give Adelphia permission to use his images to advertise and promote its business.

135.    Adelphia has never compensated Plaintiff Coulter for any use of his likeness or image.

136.    Adelphia has actual knowledge that it was using Plaintiff Coulter's image without necessary compensation or consent. Accordingly, Adelphia knowingly misappropriated Plaintiff Coulter's image and identity in total disregard of Plaintiff's rights.

137.    Adelphia derived a direct commercial benefit from their unauthorized use of Plaintiff Coulter's image and likeness.

138.    As a direct and proximate result of Adelphia's respective unauthorized uses of Plaintiff Coulter's image and likeness, Adelphia made profits or gross revenues in an amount to be established at trial.

139.    Plaintiff Coulter has further been damaged as a direct and proximate result of Adelphia's unauthorized use of his images, as he has lost his exclusive right to control the

commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Megan Daniels

140.    Plaintiff Daniels is a professional model.

141.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Daniels negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

142.    Bolsillo has never hired or contracted with Plaintiff Daniels to advertise, promote, market or endorse its business.

143.    In the images used by Bolsillo to promote its business and advertise upcoming events, Plaintiff Daniels is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Daniels.

144.    Bolsillo's appropriation of the images of Plaintiff Daniels was for the purpose of advertising or soliciting patronage of Bolsillo's establishment.

145.    Bolsillo has never sought Plaintiff Daniels' permission, nor did Plaintiff Daniels give Bolsillo permission to use her images to advertise and promote its business.

146.    Bolsillo has never compensated Plaintiff Daniels for any use of her likeness or image.

147.    Bolsillo has actual knowledge that it was using Plaintiff Daniels' image without necessary compensation or consent. Accordingly, Bolsillo knowingly misappropriated Plaintiff Daniels' image and identity in total disregard of Plaintiff's rights.

148.    Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff Daniels' image and likeness.

149.    As a direct and proximate result of Bolsillo's unauthorized uses of Plaintiff Daniels' image and likeness, Bolsillo made profits or gross revenues in an amount to be established at trial.

150.    Plaintiff Daniels has further been damaged as a direct and proximate result of Bolsillo's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Mariana Davalos

151.    Plaintiff M. Davalos is a professional model.

152.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff M. Davalos negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

153.    Central Park and Bolsillo have never hired or contracted with Plaintiff M. Davalos to advertise, promote, market or endorse their businesses.

154.    In the images used by the Central Park and Bolsillo to promote their businesses and advertise upcoming events, Plaintiff M. Davalos is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff M. Davalos.

155.    Central Park and Bolsillo's appropriation of the images of Plaintiff M. Davalos were for the purpose of advertising or soliciting patronage of Central Park and Bolsillo's establishments.

156.    Neither Central Park nor Bolsillo have ever sought Plaintiff M. Davalos' permission, nor did Plaintiff M. Davalos give Central Park or Bolsillo permission to use her images to advertise and promote their businesses.

157.    Neither Central Park noor Bolsillo have compensated Plaintiff M. Davalos for any use of her likeness or image.

158.    Central Park and Bolsillo have actual knowledge that they were using Plaintiff M. Davalos image without necessary compensation or consent. Accordingly, Central Park and Bolsillo knowingly misappropriated Plaintiff M. Davalos image and identity in total disregard of Plaintiff's rights.

159.    Central Park and Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff M. Davalos' image and likeness.

160.    As a direct and proximate result of Central Park and Bolsillo's unauthorized uses of Plaintiff M. Davalos' image and likeness, Central Park and Bolsillo made profits or gross revenues in an amount to be established at trial.

161.    Plaintiff M. Davalos has further been damaged as a direct and proximate result of Central Park and Bolsillo's unauthorized use of her image of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Tiffany Toth Gray**

162.    Plaintiff Gray is a professional model.

163.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Gray negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

164.    Anthem, Central Park, Bolsillo and Faraones have never hired or contracted with Plaintiff Gray to advertise, promote, market or endorse their businesses.

165.    In the images used by Anthem, Central Park, Bolsillo and Faraones to promote their businesses and advertise upcoming events, Plaintiff Gray is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Gray.

166.    Anthem, Central Park, Bolsillo and Faraones' appropriation of the images of Plaintiff Gray were for the purpose of advertising or soliciting patronage of Anthem, Central Park, Bolsillo and Faraones' establishments.

167.    Neither Anthem, Central Park, Bolsillo nor Faraones have ever sought Plaintiff Gray's permission, nor did Plaintiff Gray give Anthem, Central Park, Bolsillo or Faraones permission to use her images to advertise and promote their businesses.

168.    Neither Anthem, Central Park, Bolsillo nor Faraones have compensated Plaintiff Gray for any use of her likeness or image.

169.    Anthem, Central Park, Bolsillo and Faraones have actual knowledge that they were using Plaintiff Gray's image without necessary compensation or consent. Accordingly, Anthem, Central Park, Bolsillo and Faraones knowingly misappropriated Plaintiff Gray's image and identity in total disregard of Plaintiff's rights.

170.    Anthem, Central Park, Bolsillo and Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff Gray's image and likeness.

171.    As a direct and proximate result of Anthem, Central Park, Bolsillo and Faraones' respective unauthorized uses of Plaintiff Gray's image and likeness, Anthem, Central Park, Bolsillo and Faraones made profits or gross revenues in an amount to be established at trial.

172.    Plaintiff Gray has further been damaged as a direct and proximate result of Anthem, Central Park, Bolsillo and Faraones' unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Brenda Geiger

173.    Plaintiff Geiger is a professional model.

174.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Geiger negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

175.    Faraones and Infinity, have never hired or contracted with Plaintiff Geiger to advertise, promote, market or endorse their businesses.

176.    In the images used by Faraones and Infinity to promote their businesses and advertise upcoming events, Plaintiff Geiger is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Geiger.

177.    Faraones and Infinity's appropriation of the images of Plaintiff Geiger were for the purpose of advertising or soliciting patronage of Faraones and Infinity's establishments.

35

178.    Neither Faraones nor Infinity have ever sought Plaintiff Geiger's permission, nor did Plaintiff Geiger give Faraones or Infinity permission to use her images to advertise and promote their businesses.

179.    Neither Faraones nor Infinity have compensated Plaintiff Geiger for any use of her likeness or image.

180.    Faraones and Infinity have actual knowledge that they were using Plaintiff Geiger's image without necessary compensation or consent. Accordingly, Faraones and Infinity knowingly misappropriated Plaintiff Geiger's image and identity in total disregard of Plaintiff's rights.

181.    Faraones and Infinity derived a direct commercial benefit from their unauthorized use of Plaintiff Geiger's image and likeness.

182.    As a direct and proximate result of Faraones and Infinity's respective unauthorized uses of Plaintiff Geiger's image and likeness, Faraones and Infinity made profits or gross revenues in an amount to be established at trial.

183.    Plaintiff Geiger has further been damaged as a direct and proximate result of Faraones and Infinity's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Cielo Jean Gibson**

184.    Plaintiff C.J. Gibson is a professional model.

185.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff C.J. Gibson negotiated and expressly granted

authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

186.    Bolsillo and Faraones, have never hired or contracted with Plaintiff C.J. Gibson to advertise, promote, market or endorse their businesses.

187.    In the images used by Bolsillo and Faraones to promote their businesses and advertise upcoming events, Plaintiff C.J. Gibson is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff C.J. Gibson.

188.    Bolsillo and Faraones' appropriation of the images of Plaintiff C.J. Gibson were for the purpose of advertising or soliciting patronage of Bolsillo and Faraones' establishments.

189.    Neither Bolsillo nor Faraones have ever sought Plaintiff C.J. Gibson's permission, nor did Plaintiff C.J. Gibson give Bolsillo or Faraones permission to use her images to advertise and promote their businesses.

190.    Neither Bolsillo nor Faraones have compensated Plaintiff C.J. Gibson for any use of her likeness or image.

191.    Bolsillo and Faraones have actual knowledge that they were using Plaintiff C.J. Gibson image without necessary compensation or consent. Accordingly, Bolsillo and Faraones knowingly misappropriated Plaintiff C.J. Gibson's image and identity in total disregard of Plaintiff's rights.

192.    Bolsillo and Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff C.J. Gibson's image and likeness.

193.    As a direct and proximate result of Bolsillo and Faraones unauthorized uses of Plaintiff C.J. Gibson's image and likeness, Bolsillo and Faraones made profits or gross revenues in an amount to be established at trial.

194.    Plaintiff C.J. Gibson has further been damaged as a direct and proximate result of Bolsillo and Faraones' unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Jesse Golden

195.    Plaintiff Golden is a professional model.

196.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Golden negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

197.    Adelphia and Bolsillo, have never hired or contracted with Plaintiff Golden to advertise, promote, market or endorse their businesses.

198.    In the images used by Adelphia and Bolsillo to promote their businesses and advertise upcoming events, Plaintiff Golden is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Golden.

199.    Adelphia and Bolsillo's appropriation of the images of Plaintiff Golden were for the purpose of advertising or soliciting patronage of Adelphia and Bolsillos' establishments.

200.    Neither Adelphia nor Bolsillo have ever sought Plaintiff Golden's permission, nor

did Plaintiff Golden give Adelphia or Bolsillo permission to use her images to advertise and promote their businesses.

201.    Neither Adelphia nor Bolsillo have compensated Plaintiff Golden for any use of her likeness or image.

202.    Adelphia and Bolsillo have actual knowledge that they were using Plaintiff Golden's image without necessary compensation or consent. Accordingly, Adelphia and Bolsillo knowingly misappropriated Plaintiff Golden's image and identity in total disregard of Plaintiff's rights.

203.    Adelphia and Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff Golden's image and likeness.

204.    As a direct and proximate result of Adelphia and Bolsillo's unauthorized uses of Plaintiff Golden's image and likeness, Adelphia and Bolsillo made profits or gross revenues in an amount to be established at trial.

205.    Plaintiff Golden has further been damaged as a direct and proximate result of Adelphia and Bolsillo's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Vida Guerra**

206.    Plaintiff Guerra is a professional model.

207.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Guerra negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

208.    Infinity has never hired or contracted with Plaintiff Guerra to advertise, promote, market or endorse its business.

209.    In the images used by Infinity to promote its business and advertise upcoming events, Plaintiff Guerra is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Guerra.

210.    Infinity's appropriation of the images of Plaintiff Guerra was for the purpose of advertising or soliciting patronage of Infinity's establishment.

211.    Infinity has never sought Plaintiff Guerra's permission, nor did Plaintiff Guerra give Infinity permission to use her images to advertise and promote its business.

212.    Infinity has never compensated Plaintiff Guerra for any use of her likeness or image.

213.    Infinity has actual knowledge that it was using Plaintiff Guerra's image without necessary compensation or consent. Accordingly, Infinity knowingly misappropriated Plaintiff Guerra's image and identity in total disregard of Plaintiff's rights.

214.    Infinity derived a direct commercial benefit from their unauthorized use of Plaintiff Guerra's image and likeness.

215.    As a direct and proximate result of Infinity's unauthorized uses of Plaintiff Guerra's image and likeness, Infinity made profits or gross revenues in an amount to be established at trial.

216.    Plaintiff Guerra has further been damaged as a direct and proximate result of Infinity's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Hillary Hepner**

217.   Plaintiff Hepner is a professional model.

218.   In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Hepner negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

219.   Central Park has never hired or contracted with Plaintiff Hepner to advertise, promote, market or endorse its business.

220.   In the images used by Central Park to promote its business and advertise upcoming events, Plaintiff Daniels is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Hepner.

221.   Central Park's appropriation of the images of Plaintiff Hepner was for the purpose of advertising or soliciting patronage of Central Park's establishment.

222.   Central Park has never sought Plaintiff Hepner's permission, nor did Plaintiff Hepner give Central Park permission to use her images to advertise and promote its business.

223.   Central Park has never compensated Plaintiff Hepner for any use of her likeness or image.

224.   Central Park has actual knowledge that it was using Plaintiff Hepner's image without necessary compensation or consent. Accordingly, Central Park knowingly misappropriated Plaintiff Hepner's image and identity in total disregard of Plaintiff's rights.

225.   Central Park derived a direct commercial benefit from their unauthorized use of Plaintiff Hepner's image and likeness.

41

226.    As a direct and proximate result of Central Park's unauthorized uses of Plaintiff Hepner's image and likeness, Central Park made profits or gross revenues in an amount to be established at trial.

227.    Plaintiff Hepner has further been damaged as a direct and proximate result of Central Park's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Jessa Hinton**

228.    Plaintiff Hinton is a professional model.

229.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Hinton negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

230.    Anthem, Central Park and Rio have never hired or contracted with Plaintiff Hinton to advertise, promote, market or endorse their businesses.

231.    In the images used by Anthem, Central Park and Rio to promote their businesses and advertise upcoming events, Plaintiff Hinton is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Hinton.

232.    Anthem, Central Park and Rio's appropriation of the images of Plaintiff Hinton were for the purpose of advertising or soliciting patronage of Anthem, Central Park and Rio's establishments.

233.    Neither Anthem, Central Park nor Rio have ever sought Plaintiff Hinton's permission, nor did Plaintiff Hinton give Anthem, Central Park or Rio permission to use her images to advertise and promote their businesses.

234.    Neither Anthem, Central Park nor Rio have compensated Plaintiff Hinton for any use of her likeness or image.

235.    Anthem, Central Park and Rio have actual knowledge that they were using Plaintiff Hinton's image without necessary compensation or consent. Accordingly, Anthem, Central Park and Rio knowingly misappropriated Plaintiff Hinton's image and identity in total disregard of Plaintiff's rights.

236.    Anthem, Central Park and Rio derived a direct commercial benefit from their unauthorized use of Plaintiff Hinton's image and likeness.

237.    As a direct and proximate result of Anthem, Central Park and Rio's respective unauthorized uses of Plaintiff Hinton's image and likeness, Anthem, Central Park and Rio made profits or gross revenues in an amount to be established at trial.

238.    Plaintiff Hinton has further been damaged as a direct and proximate result of Anthem, Central Park and Rio's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Rachel Koren**

239.    Plaintiff Koren is a professional model.

240.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Koren negotiated and expressly granted

authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

241.    Anthem, Bolsillo and Faraones have never hired or contracted with Plaintiff Koren to advertise, promote, market or endorse their businesses.

242.    In the images used by Anthem, Bolsillo and Faraones to promote their businesses and advertise upcoming events, Plaintiff Koren is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Koren.

243.    Anthem, Bolsillo and Faraones' appropriation of the images of Plaintiff Koren were for the purpose of advertising or soliciting patronage of Anthem, Bolsillo and Faraones' establishments.

244.    Neither Anthem, Bolsillo nor Faraones have ever sought Plaintiff Koren's permission, nor did Plaintiff Koren give Anthem, Bolsillo or Faraones permission to use her images to advertise and promote their businesses.

245.    Neither Anthem, Bolsillo nor Faraones have compensated Plaintiff Koren for any use of her likeness or image.

246.    Anthem, Bolsillo and Faraones have actual knowledge that they were using Plaintiff Koren's image without necessary compensation or consent. Accordingly, Anthem, Bolsillo and Faraones knowingly misappropriated Plaintiff Koren's image and identity in total disregard of Plaintiff's rights.

247.    Anthem, Bolsillo and Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff Koren's image and likeness.

248.    As a direct and proximate result of Anthem, Bolsillo and Faraones' respective unauthorized uses of Plaintiff Koren's image and likeness, Anthem, Bolsillo and Faraones made profits or gross revenues in an amount to be established at trial.

249.    Plaintiff Koren has further been damaged as a direct and proximate result of Anthem, Bolsillo and Faraones' unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Jamie Edmondson Longoria

250.    Plaintiff Longoria is a professional model.

251.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Longoria negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

252.    Central Park and Bolsillo have never hired or contracted with Plaintiff Longoria to advertise, promote, market or endorse their businesses.

253.    In the images used by Central Park and Bolsillo to promote their businesses and advertise upcoming events, Plaintiff Longoria is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Longoria.

254.    Central Park and Bolsillo's appropriation of the images of Plaintiff Longoria were for the purpose of advertising or soliciting patronage of Central Park and Bolsillo's establishments.

255.    Neither Central Park nor Bolsillo have ever sought Plaintiff Longoria's permission, nor did Plaintiff Longoria give Central Park or Bolsillo permission to use her images to advertise and promote their businesses.

256.    Neither Central Park nor Bolsillo have compensated Plaintiff Longoria for any use of her likeness or image.

257.    Central Park and Bolsillo have actual knowledge that they were using Plaintiff Longoria's image without necessary compensation or consent. Accordingly, Central Park and Bolsillo knowingly misappropriated Plaintiff Longoria's image and identity in total disregard of Plaintiff's rights.

258.    Central Park and Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff Longoria's image and likeness.

259.    As a direct and proximate result of Central Park and Bolsillo's respective unauthorized uses of Plaintiff Longoria's image and likeness, Central Park and Bolsillo made profits or gross revenues in an amount to be established at trial.

260.    Plaintiff Longoria has further been damaged as a direct and proximate result of Central Park and Bolsillo's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Ursula Mayes**

261.    Plaintiff Mayes is a professional model.

262.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Mayes negotiated and expressly granted

authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

263.    Bolsillo has never hired or contracted with Plaintiff Mayes to advertise, promote, market or endorse its business.

264.    In the images used by Bolsillo to promote its business and advertise upcoming events, Plaintiff Mayes is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Mayes.

265.    Bolsillo's appropriation of the images of Plaintiff Mayes was for the purpose of advertising or soliciting patronage of Bolsillo's establishment.

266.    Bolsillo has never sought Plaintiff Mayes' permission, nor did Plaintiff Mayes give Bolsillo permission to use her images to advertise and promote its business.

267.    Bolsillo has never compensated Plaintiff Mayes for any use of her likeness or image.

268.    Bolsillo has actual knowledge that it was using Plaintiff Mayes' image without necessary compensation or consent. Accordingly, Bolsillo knowingly misappropriated Plaintiff Mayes' image and identity in total disregard of Plaintiff's rights.

269.    Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff Mayes' image and likeness.

270.    As a direct and proximate result of Bolsillo's unauthorized uses of Plaintiff Mayes' image and likeness, Bolsillo made profits or gross revenues in an amount to be established at trial.

271.    Plaintiff Mayes has further been damaged as a direct and proximate result of Bolsillo's unauthorized use of her images, as she has lost her exclusive right to control the

commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Denise Milani**

272.    Plaintiff Milani is a professional model.

273.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Milani negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

274.    Faraones has never hired or contracted with Plaintiff Milani to advertise, promote, market or endorse its business.

275.    In the images used by Faraones to promote its business and advertise upcoming events, Plaintiff Milani is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Milani.

276.    Faraones' appropriation of the images of Plaintiff Milani was for the purpose of advertising or soliciting patronage of Faraones' establishment.

277.    Faraones has never sought Plaintiff Milani's permission, nor did Plaintiff Milani give Faraones permission to use her images to advertise and promote its business.

278.    Faraones has never compensated Plaintiff Milani for any use of her likeness or image.

279.    Faraones has actual knowledge that it was using Plaintiff Milani's image without necessary compensation or consent. Accordingly, Faraones knowingly misappropriated Plaintiff Milani's image and identity in total disregard of Plaintiff's rights.

280.     Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff Milani's image and likeness.

281.     As a direct and proximate result of Faraones' respective unauthorized uses of Plaintiff Milani's image and likeness, Faraones made profits or gross revenues in an amount to be established at trial.

282.     Plaintiff Milani has further been damaged as a direct and proximate result of Faraones' unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Carrie Minter**

283.     Plaintiff Minter is a professional model.

284.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Minter negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

285.     Faraones has never hired or contracted with Plaintiff Minter to advertise, promote, market or endorse its business.

286.     In the images used by Faraones to promote its business and advertise upcoming events, Plaintiff Minter is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Minter.

287.     Faraones' appropriation of the images of Plaintiff Minter was for the purpose of advertising or soliciting patronage of Faraones' establishment.

288.    Faraones has never sought Plaintiff Minter's permission, nor did Plaintiff Minter give Faraones permission to use her images to advertise and promote its business.

289.    Faraones has never compensated Plaintiff Minter for any use of her likeness or image.

290.    Faraones has actual knowledge that it was using Plaintiff Minter's image without necessary compensation or consent. Accordingly, Faraones knowingly misappropriated Plaintiff Minter's image and identity in total disregard of Plaintiff's rights.

291.    Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff Minter's image and likeness.

292.    As a direct and proximate result of Faraones' unauthorized uses of Plaintiff Minter's image and likeness, Faraones made profits or gross revenues in an amount to be established at trial.

293.    Plaintiff Minter has further been damaged as a direct and proximate result of Faraones' unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Dessie Mitcheson

294.    Plaintiff Mitcheson is a professional model.

295.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Mitcheson negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

296.    Faraones and Infinity have never hired or contracted with Plaintiff Mitcheson to advertise, promote, market or endorse their businesses.

297.    In the images used by Faraones and Infinity to promote their businesses and advertise upcoming events, Plaintiff Mitcheson is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Mitcheson.

298.    Faraones and Infinity's appropriation of the images of Plaintiff Mitcheson were for the purpose of advertising or soliciting patronage of Faraones and Infinity's establishments.

299.    Neither Faraones nor Infinity have ever sought Plaintiff Mitcheson's permission, nor did Plaintiff Mitcheson give Faraones and Infinity permission to use her images to advertise and promote their businesses.

300.    Neither Faraones norInfinity have compensated Plaintiff Mitcheson for any use of her likeness or image.

301.    Faraones and Infinity have actual knowledge that they were using Plaintiff Mitcheson's image without necessary compensation or consent. Accordingly, Faraones and Infinity knowingly misappropriated Plaintiff Mitcheson's image and identity in total disregard of Plaintiff's rights.

302.    Faraones and Infinity derived a direct commercial benefit from their unauthorized use of Plaintiff Mitcheson's image and likeness.

303.    As a direct and proximate result of Faraones and Infinity's respective unauthorized uses of Plaintiff Mitcheson's image and likeness, Faraones and Infinity made profits or gross revenues in an amount to be established at trial.

304.     Plaintiff Mitcheson has further been damaged as a direct and proximate result of Faraones and Infinity's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Eva Pepaj**

305.     Plaintiff Pepaj is a professional model.

306.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Pepaj negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

307.     Adelphia and Faraones have never hired or contracted with Plaintiff Pepaj to advertise, promote, market or endorse their businesses.

308.     In the images used by Adelphia and Faraones to promote their businesses and advertise upcoming events, Plaintiff Pepaj is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Pepaj.

309.     Adelphia and Faraones' appropriation of the images of Plaintiff Pepaj were for the purpose of advertising or soliciting patronage of Adelphia and Faraones' establishments.

310.     Neither Adelphia nor Faraones have ever sought Plaintiff Pepaj's permission, nor did Plaintiff Pepaj give Adelphia or Faraones permission to use her images to advertise and promote their businesses.

311.     Neither Adelphia nor Faraones have compensated Plaintiff Pepaj for any use of her likeness or image.

312.    Adelphia and Faraones have actual knowledge that they were using Plaintiff Pepaj's image without necessary compensation or consent. Accordingly, Adelphia and Faraones knowingly misappropriated Plaintiff Pepaj's image and identity in total disregard of Plaintiff's rights.

313.    Adelphia and Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff Pepaj's image and likeness.

314.    As a direct and proximate result of Adelphia and Faraones' respective unauthorized uses of Plaintiff Pepaj's image and likeness, Adelphia and Faraones made profits or gross revenues in an amount to be established at trial.

315.    Plaintiff Pepaj has further been damaged as a direct and proximate result of Adelphia and Faraones' unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Lucy Pinder

316.    Plaintiff Pinder is a professional model.

317.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Pinder negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

318.    Rio has never hired or contracted with Plaintiff Pinder to advertise, promote, market or endorse its business.

319.    In the images used by Rio to promote its business and advertise upcoming events, Plaintiff Pinder is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Pinder.

320.    Rio's appropriation of the images of Plaintiff Pinder was for the purpose of advertising or soliciting patronage of Rio's establishment.

321.    Rio has never sought Plaintiff Pinder's permission, nor did Plaintiff Pinder give Rio permission to use her images to advertise and promote its business.

322.    Rio has never compensated Plaintiff Pinder for any use of her likeness or image.

323.    Rio has actual knowledge that it was using Plaintiff Pinder's image without necessary compensation or consent. Accordingly, Rio knowingly misappropriated Plaintiff Pinder's image and identity in total disregard of Plaintiff's rights.

324.    Rio derived a direct commercial benefit from their unauthorized use of Plaintiff Pinder's image and likeness.

325.    As a direct and proximate result of Rio's respective unauthorized uses of Plaintiff Pinder's image and likeness, Rio made profits or gross revenues in an amount to be established at trial.

326.    Plaintiff Pinder has further been damaged as a direct and proximate result of Rio's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Lina Posada

327.    Plaintiff Posada is a professional model.

328.   In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Posada negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

329.   Bolsillo and Infinity have never hired or contracted with Plaintiff Posada to advertise, promote, market or endorse their businesses.

330.   In the images used by Bolsillo and Infinity to promote their businesses and advertise upcoming events, Plaintiff Posada is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Posada.

331.   Bolsillo and Infinity's appropriation of the images of Plaintiff Posada were for the purpose of advertising or soliciting patronage of Bolsillo and Infinity's establishments.

332.   Neither Bolsillo nor Infinity have ever sought Plaintiff Posada's permission, nor did Plaintiff Posada give Bolsillo or Infinity permission to use her images to advertise and promote their businesses.

333.   Neither Bolsillo nor Infinity have compensated Plaintiff Posada for any use of her likeness or image.

334.   Bolsillo and Infinity have actual knowledge that they were using Plaintiff Posada's image without necessary compensation or consent. Accordingly, Bolsillo and Infinity knowingly misappropriated Plaintiff Posada's image and identity in total disregard of Plaintiff's rights.

335.   Bolsillo and Infinity derived a direct commercial benefit from their unauthorized use of Plaintiff Posada's image and likeness.

336.    As a direct and proximate result of Bolsillo and Infinity's respective unauthorized uses of Plaintiff Posada's image and likeness, Bolsillo and Infinity made profits or gross revenues in an amount to be established at trial.

337.    Plaintiff Posada has further been damaged as a direct and proximate result of Bolsillo and Infinity's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Abigail Ratchford**

338.    Plaintiff Ratchford is a professional model.

339.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Ratchford negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

340.    Rio has never hired or contracted with Plaintiff Ratchford to advertise, promote, market or endorse its business.

341.    In the images used by Rio to promote its business and advertise upcoming events, Plaintiff Ratchford is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Ratchford.

342.    Rio's appropriation of the images of Plaintiff Ratchford was for the purpose of advertising or soliciting patronage of Rio's establishment.

343.    Rio has never sought Plaintiff Ratchford's permission, nor did Plaintiff Ratchford give Rio permission to use her images to advertise and promote its business.

344.    Rio has never compensated Plaintiff Ratchford for any use of her likeness or image.

345.    Rio has actual knowledge that it was using Plaintiff Ratchford's image without necessary compensation or consent. Accordingly, Rio knowingly misappropriated Plaintiff Ratchford's image and identity in total disregard of Plaintiff's rights.

346.    Rio derived a direct commercial benefit from their unauthorized use of Plaintiff Ratchford's image and likeness.

347.    As a direct and proximate result of Rio's respective unauthorized uses of Plaintiff Ratchford's image and likeness, Rio made profits or gross revenues in an amount to be established at trial.

348.    Plaintiff Ratchford has further been damaged as a direct and proximate result of Rio's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Jessica Rockwell

349.    Plaintiff Rockwell is a professional model.

350.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Rockwell negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

351.    Adelphia has never hired or contracted with Plaintiff Rockwell to advertise, promote, market or endorse its business.

352.     In the images used by Adelphia to promote its business and advertise upcoming events, Plaintiff Rockwell is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Rockwell.

353.     Adelphia's appropriation of the images of Plaintiff Rockwell was for the purpose of advertising or soliciting patronage of Adelphia's establishment.

354.     Adelphia has never sought Plaintiff Rockwell's permission, nor did Plaintiff Rockwell give Adelphia permission to use her images to advertise and promote its business.

355.     Adelphia has never compensated Plaintiff Rockwell for any use of her likeness or image.

356.     Adelphia has actual knowledge that it was using Plaintiff Rockwell's image without necessary compensation or consent. Accordingly, Adelphia knowingly misappropriated Plaintiff Rockwell's image and identity in total disregard of Plaintiff's rights.

357.     Adelphia derived a direct commercial benefit from their unauthorized use of Plaintiff Rockwell's image and likeness.

358.     As a direct and proximate result of Adelphia's unauthorized uses of Plaintiff Rockwell's image and likeness, Adelphia made profits or gross revenues in an amount to be established at trial.

359.     Plaintiff Rockwell has further been damaged as a direct and proximate result of Adelphia's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Claudia Sampedro**

360.     Plaintiff Sampedro is a professional model.

58

361.   In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Sampedro negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

362.   Faraones and Infinity have never hired or contracted with Plaintiff Sampedro to advertise, promote, market or endorse their businesses.

363.   In the images used by Faraones and Infinity to promote their businesses and advertise upcoming events, Plaintiff Sampedro is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Sampedro.

364.   Faraones and Infinity's appropriation of the images of Plaintiff Sampedro were for the purpose of advertising or soliciting patronage of Faraones and Infinity's establishments.

365.   Neither Faraones nor Infinity have ever sought Plaintiff Sampedro's permission, nor did Plaintiff Sampedro give Faraones or Infinity permission to use her images to advertise and promote their businesses.

366.   Neither Faraones nor Infinity have compensated Plaintiff Sampedro for any use of her likeness or image.

367.   Faraones and Infinity have actual knowledge that they were using Plaintiff Sampedro's image without necessary compensation or consent. Accordingly, Faraones and Infinity knowingly misappropriated Plaintiff Sampedro's image and identity in total disregard of Plaintiff's rights.

368.   Faraones and Infinity derived a direct commercial benefit from their unauthorized use of Plaintiff Sampedro's image and likeness.

369.     As a direct and proximate result of Faraones and Infinity's respective unauthorized uses of Plaintiff Sampedro's image and likeness, Faraones and Infinity made profits or gross revenues in an amount to be established at trial.

370.     Plaintiff Sampedro has further been damaged as a direct and proximate result of Faraones and Infinity's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Cora Skinner

371.     Plaintiff Skinner is a professional model.

372.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Skinner negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

373.     Central Park and Faraones have never hired or contracted with Plaintiff Posada to advertise, promote, market or endorse their businesses.

374.     In the images used by Central Park and Faraones to promote their businesses and advertise upcoming events, Plaintiff Skinner is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Skinner.

375.     Central Park and Faraones' appropriation of the images of Plaintiff Skinner were for the purpose of advertising or soliciting patronage of Central Park and Faraones' establishments.

376.   Neither Central Park nor Faraones have ever sought Plaintiff Skinner's permission, nor did Plaintiff Skinner give Central Park or Faraones permission to use her images to advertise and promote their businesses.

377.   Neither Central Park nor Faraones have compensated Plaintiff Skinner for any use of her likeness or image.

378.   Central Park and Faraones have actual knowledge that they were using Plaintiff Skinner's image without necessary compensation or consent. Accordingly, Central Park and Faraones knowingly misappropriated Plaintiff Skinner's image and identity in total disregard of Plaintiff's rights.

379.   Central Park and Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff Skinner's image and likeness.

380.   As a direct and proximate result of Central Park and Faraones' unauthorized uses of Plaintiff Skinner's image and likeness, Central Park and Faraones made profits or gross revenues in an amount to be established at trial.

381.   Plaintiff Skinner has further been damaged as a direct and proximate result of Central Park and Faraones' unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Rhian Sugden**

382.   Plaintiff Sugden is a professional model.

383.   In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Sugden negotiated and expressly granted

authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

384.    Adelphia and Bolsillo have never hired or contracted with Plaintiff Sugden to advertise, promote, market or endorse their businesses.

385.    In the images used by Adelphia and Bolsillo to promote their businesses and advertise upcoming events, Plaintiff Sugden is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Sugden.

386.    Adelphia and Bolsillo's appropriation of the images of Plaintiff Sugden were for the purpose of advertising or soliciting patronage of Adelphia and Bolsillo's establishments.

387.    Neither Adelphia nor Bolsillo have ever sought Plaintiff Sugden's permission, nor did Plaintiff Sugden give Adelphia or Bolsillo permission to use her images to advertise and promote their businesses.

388.    Neither Adelphia nor Bolsillo have compensated Plaintiff Sugden for any use of her likeness or image.

389.    Adelphia and Bolsillo have actual knowledge that they were using Plaintiff Sugden's image without necessary compensation or consent. Accordingly, Adelphia and Bolsillo knowingly misappropriated Plaintiff Sugden's image and identity in total disregard of Plaintiff's rights.

390.    Adelphia and Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff Sugden's image and likeness.

391.     As a direct and proximate result of Adelphia and Bolsillo's unauthorized uses of Plaintiff Sugden's image and likeness, Adelphia and Bolsillo made profits or gross revenues in an amount to be established at trial.

392.     Plaintiff Sugden has further been damaged as a direct and proximate result of Adelphia and Bolsillo's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Brooke Taylor

393.     Plaintiff Taylor is a professional model.

394.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Taylor negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

395.     Adelphia, Bolsillo and Faraones have never hired or contracted with Plaintiff Taylor to advertise, promote, market or endorse their businesses.

396.     In the images used by Adelphia, Bolsillo and Faraones to promote their businesses and advertise upcoming events, Plaintiff Taylor is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Taylor.

397.     Adelphia, Bolsillo and Faraones' appropriation of the images of Plaintiff Taylor were for the purpose of advertising or soliciting patronage of Adelphia, Bolsillo and Faraones' establishments.

398.     Neither Adelphia, Bolsillo nor Faraones have ever sought Plaintiff Taylor's permission, nor did Plaintiff Taylor give Adelphia, Bolsillo or Faraones permission to use her images to advertise and promote their businesses.

399.     Neither Adelphia, Bolsillo nor Faraones have compensated Plaintiff Taylor for any use of her likeness or image.

400.     Adelphia, Bolsillo and Faraones have actual knowledge that they were using Plaintiff Taylor's image without necessary compensation or consent. Accordingly, Adelphia, Bolsillo and Faraones knowingly misappropriated Plaintiff Taylor's image and identity in total disregard of Plaintiff's rights.

401.     Adelphia, Bolsillo and Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff Taylor's image and likeness.

402.     As a direct and proximate result of Adelphia, Bolsillo and Faraones' respective unauthorized uses of Plaintiff Taylor's image and likeness, Adelphia, Bolsillo and Faraones made profits or gross revenues in an amount to be established at trial.

403.     Plaintiff Taylor has further been damaged as a direct and proximate result of Adelphia, Bolsillo and Faraones' unauthorized use of her image, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Katarina Van Derham

404.     Plaintiff Van Derham is a professional model.

405.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Van Derham negotiated and expressly

granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

406.    Central Park has never hired or contracted with Plaintiff Van Derham to advertise, promote, market or endorse its business.

407.    In the images used by Central Park to promote its business and advertise upcoming events, Plaintiff Van Derham is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Van Derham.

408.    Central Park's appropriation of the images of Plaintiff Van Derham was for the purpose of advertising or soliciting patronage of Central Park's establishment.

409.    Central Park has never sought Plaintiff Van Derham's permission, nor did Plaintiff Van Derham give Central Park permission to use her images to advertise and promote its business.

410.    Central Park has never compensated Plaintiff Van Derham for any use of her likeness or image.

411.    Central Park has actual knowledge that it was using Plaintiff Van Derham's image without necessary compensation or consent. Accordingly, Central Park knowingly misappropriated Plaintiff Van Derham's image and identity in total disregard of Plaintiff's rights.

412.    Central Park derived a direct commercial benefit from their unauthorized use of Plaintiff Van Derham's image and likeness.

413.    As a direct and proximate result of Central Park's respective unauthorized uses of Plaintiff Van Derham's image and likeness, Central Park made profits or gross revenues in an amount to be established at trial.

414.    Plaintiff Vanderham has further been damaged as a direct and proximate result of Central Park's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Irina Voronina

415.    Plaintiff Voronina is a professional model.

416.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Voronina negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

417.    Central Park and Bolsillo have never hired or contracted with Plaintiff Taylor to advertise, promote, market or endorse their businesses.

418.    In the images used by Central Park and Bolsillo to promote their businesses and advertise upcoming events, Plaintiff Voronina is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Voronina.

419.    Central Park and Bolsillo's appropriation of the images of Plaintiff Voronina were for the purpose of advertising or soliciting patronage of Central Park and Bolsillo's establishments.

420.    Neither Central Park nor Bolsillo have ever sought Plaintiff Voronina's permission, nor did Plaintiff Voronina give Central Park or Bolsillo permission to use her images to advertise and promote their businesses.

421.    Central Park and Bolsillo have never compensated Plaintiff Voronina for any use of her likeness or image.

422.    Central Park and Bolsillo have actual knowledge that they were using Plaintiff Voronina's image without necessary compensation or consent. Accordingly, Central Park and Bolsillo knowingly misappropriated Plaintiff Voronina's image and identity in total disregard of Plaintiff's rights.

423.    Central Park and Bolsillo derived a direct commercial benefit from their unauthorized use of Plaintiff Voronina's image and likeness.

424.    As a direct and proximate result of Central Park and Bolsillo's unauthorized uses of Plaintiff Voronina's image and likeness, Central Park and Bolsillo made profits or gross revenues in an amount to be established at trial.

425.    Plaintiff Voronina has further been damaged as a direct and proximate result of Central Park and Bolsillo's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Jennifer Zharinova

426.    Plaintiff Zharinova is a professional model.

427.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Zharinova negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

428.    Anthem and Faraones have never hired or contracted with Plaintiff Zharinova to advertise, promote, market or endorse their businesses.

67

429.    In the images used by Anthem and Faraones to promote their businesses and advertise upcoming events, Plaintiff Zharinova is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Zharinova.

430.    Anthem and Faraones' appropriation of the images of Plaintiff Zharinova were for the purpose of advertising or soliciting patronage of Anthem and Faraones' establishments.

431.    Neither Anthem nor Faraones have ever sought Plaintiff Zharinova's permission, nor did Plaintiff Zharinova give Anthem or Faraones permission to use her images to advertise and promote their businesses.

432.    Anthem and Faraones have never compensated Plaintiff Zharinova for any use of her likeness or image.

433.    Anthem and Faraones have actual knowledge that they were using Plaintiff Zharinova's image without necessary compensation or consent. Accordingly, Anthem and Faraones knowingly misappropriated Plaintiff Zharinova's image and identity in total disregard of Plaintiff's rights.

434.    Anthem and Faraones derived a direct commercial benefit from their unauthorized use of Plaintiff Zharinova's image and likeness.

435.    As a direct and proximate result of Anthem and Faraones' respective unauthorized uses of Plaintiff Zharinova's image and likeness, Anthem and Faraones made profits or gross revenues in an amount to be established at trial.

436.    Plaintiff Zharinova has further been damaged as a direct and proximate result of Anthem and Faraones' unauthorized use of her images, as she has lost her exclusive right to

control the commercial exploitation of her name, photographs, and likeness, resulting in

damages, the total amount of which will be established by proof at trial.

## COUNT I

### Misappropriation of Likeness

436.   Plaintiffs re-state and re-allege paragraphs 1 through 436 above, and incorporate

the same by reference as though fully set forth herein.

437.   Plaintiffs have a right to control the commercial use of their names, images, and

likenesses. Under New Jersey law, the unauthorized use of a person's image or likeness for a

predominately commercial purpose is unlawful.

438.   Defendants' uses of Plaintiffs' images and likenesses to advertise their businesses

constitute a use for commercial purposes.

439.   Defendants' uses of Plaintiffs' photographs and likenesses did not occur in

connection with the dissemination of news or information and was without a redeeming public

interest or historical value.

440.   Defendants never obtained Plaintiffs' consent for the use of their images and

likenesses.

441.   Defendants' uses of each Plaintiffs' photographs and likenesses was willful and

deliberate.

442.   As a direct and proximate result of Defendants' scheme to create the false

impression that Plaintiffs were affiliated with and/or performed at Defendants' restaurant, shot-

bar, and/or lounge, Defendants enjoyed increased revenues and profits.

443.   As a further direct and proximate result of Defendants' deliberate and willful

conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

## COUNT II

### Unfair Competition / False Endorsement
### Lanham Act, 15 U.S.C. §1125(a)

444.   Plaintiffs re-state and re-allege paragraphs 1 through 443 above, and incorporate the same by reference as though fully set forth herein.

445.   Plaintiffs, through their careers in modeling, advertising, and acting, have all attained significant fame and celebrity.

446.   Each Plaintiff enjoys a substantial social media following and has appeared in publications, television, and/or films.

447.   Each Plaintiff earns her living by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

448.   Each Plaintiff possesses a valid and protectable mark in the form of her persona, image, likeness, and identity.

449.   Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, and identity.

450.   Prior to authorizing the use of her image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

451.   Without consent, Defendants placed Plaintiffs' images and likeness on advertisements promoting their restaurant, shot-bar, and lounge business.

452.   In Defendants' advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are clearly depicted and readily identifiable.

453.   Defendants misappropriated Plaintiffs' images and likenesses in order to create the false impression that Plaintiffs are somehow affiliated with, endorsed, or otherwise participated in Defendants' restaurant, shot-bar, and/or lounge businesses.

70

454.    Defendants never sought any Plaintiffs' consent to use her image or likeness.

455.    Plaintiffs have never been employed by, patronized, or affiliated themselves in any way with Defendants' restaurant, shot-bar, and/or lounge.

456.    Plaintiffs would not agree to allow their image or likeness to be used to promote Defendants' restaurant, shot-bar, and lounge businesses.

457.    Defendants, at all times mentioned herein, knew or should have known that it had no right to use Plaintiffs' images or likenesses to promote their restaurant, shot-bar, and lounge businesses.

458.    Plaintiffs, through their careers in modelling and acting, are well known among the customer base Defendants sought to reach with their advertisements.

459.    Indeed, Defendants chose Plaintiffs precisely because of their level of recognition among the demographic of consumers Defendants targets with their advertisements.

460.    Defendants intended to create the false impression that Plaintiffs were affiliated with or otherwise endorsed Defendants' businesses.

461.    Defendants placed the misappropriated images on the very same marketing channels (i.e. Facebook and Instagram) used by Plaintiffs to promote themselves.

462.    Defendants' misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Defendants' restaurant, shot-bar, and lounge businesses.

463.    Upon information and belief, Defendants misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Defendants' restaurant, shot-bar, and lounge businesses.

464.    Defendants knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

465.    Defendants' repeated and brazen unauthorized use of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

466.    As a direct and proximate result of Defendants' scheme to create the false impression that Plaintiffs were affiliated with, sponsored, or participated in Defendants' restaurant, shot-bar, and lounge, Defendants enjoyed increased revenues and profits.

467.    As a further direct and proximate result of Defendants' deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

## COUNT III

### Unfair Competition / False Endorsement
### N.J.S.A. 56:4-1, et seq.

468.    Plaintiffs re-state and re-allege paragraphs 1 through 467 above, and incorporate the same by reference as though fully set forth herein.

469.    Defendants' unauthorized uses of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendants' businesses constitutes unfair competition under N.J.S.A. 56:4-1.

470.    As a direct and proximate result of Defendants' scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendants' restaurant, shot-bar, and lounge, Defendants enjoyed increased revenues and profits.

471.    As a further direct and proximate result of Defendants' deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

472.   Defendants' wrongful and deliberate conduct has caused significant damage to Plaintiffs, both directly and indirectly, and Plaintiffs respectfully request treble damages as authorized by N.J.S.A. 56:4-2.

## COUNT IV

### Common Law Unfair Competition

473.   Plaintiffs re-state and re-allege paragraphs 1 through 481 above, and incorporate the same by reference as though fully set forth herein.

474.   Defendants' unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendants' businesses constitutes unfair competition under the common law of New Jersey.

475.   As a direct and proximate result of Defendants' scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendants' restaurant, shot-bar, and lounge, Defendants enjoyed increased revenues and profits.

476.   As a further direct and proximate result of Defendants' deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

## COUNT V

### Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, et seq.

477.   Plaintiffs re-state and re-allege paragraphs 1 through 485 above, and incorporate the same by reference as though fully set forth herein.

478.   The Defendants' conduct aforesaid constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, and/or the knowing concealment, suppression, and omission of material facts in violation of N.J.S.A. 56:8-2, et seq.

479.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered an ascertainable loss.

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant as follows:

1.     For actual, consequential, and incidental damages in an amount to be proven at trial;

2.     For the amount due, owing and unpaid to Plaintiffs representing the fair market value of their services;

3.     For trebling of damages;

4.     For punitive damages in an amount to be proven at trial;

5.     For prejudgment interest in an amount proscribed by law;

6.     For disgorgement of Defendant's profits;

7.     For costs of this lawsuit including reasonable attorney's fees; and

8.     For such other and further relief as to this court seem just, proper and equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues in the above matter.

PINILISHALPERN, LLP
160 Morris Street
Morristown, New Jersey 07960
Telephone: (973) 401-1111
Facsimile; (973) 401-1114

Date: December 28, 2018

*/s/William J. Pinilis*
William J. Pinilis
wpinilis@consumerfraudlawyer.com

Roland Tellis (*pro hac vice* to be filed)
rtellis@baronbudd.com
Jonas P. Mann (NJ Bar No. 020372007)
jmann@baronbudd.com

**Baron & Budd, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone:      (818) 839-2333
Facsimile:      (818) 986-9698

Raymond P. Boucher (*pro hac vice* to be filed)
ray@boucher.la
Brian Bush (*pro hac vice* to be filed)
bush@boucher.la
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Telephone:      (818) 340-5400
Facsimile:      (818) 340-5401