**Law Offices of Leo B. Dubler, III, LLC**
20000 Horizon Way, Suite 300
Mount Laurel, New Jersey 08054
(856) 235-7075
By: Leo B. Dubler III (Attorney ID: 030071993)
ATTORNEYS FOR DEFENDANT ANTHEM LOUNGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIFFANY TOTH GRAY, JESSA HINTON, RACHEL KOREN, AND JENNIFER ZHARINOVA,. Plaintiff,<br><br>v.<br><br>ANTHEM LOUNGE,<br><br>Defendants. | CIVIL ACTION NO.: 2:18-cv-177710-MCA-MAH<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Motion Date: May 20, 2019<br><br>Oral Argument Requested |

# TABLE OF CONTENTS

I. Preliminary Statement.......................................................... 1

II. Legal Argument.......................................................... 2

A. Plaintiffs' Complaint Does Not Survive a Motion to Dismiss........... 2

B . Collateral Estoppel Bars the Plaintiffs' Lanham Act Claims.............. 4

C. None of the Plaintiffs State a Claim Under the Lanham Act............ 7

D. The Plaintiffs' Statutory and Common Law Claims Should be Dismissed. 12

E. The Plaintiffs Do Not Have Standing to Bring a Consumer Fraud Claim...12

III. Conclusion.......................................................... 15

**TABLE OF AUTHORITIES**


Ashcroft v. Iqbal, 556 U.S. 662 (2009) .............................................................. 2, 3

Bell Atl Corp. v. Twombly, 550 U.S. 544 (2007).............................................................2

BOC Group, Inc. v. Lummus Crest, Inc., 251 N.J.Super. 271, 277 (Law Div.1990)..........13,14

D'Agostino v. Maldonado, 216 N.J. 168, 191 (2013).............................................14

Hailey v. City of Camden, 650 F. Supp. 2d 349, 354 (D.N.J. 2009)..............................5

Connelly Found v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972)...........5

Cox v. Sears Roebuck & Co., 138 N.J. 2 (1994)..................................................13

Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1014 (3d Cir. 2008)..............................8

Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.. 482 F.2d 247, 251 (3d Cir. 2007)...3

For The Home, LLC v. Humble Abode, LLC, 459 F.Supp.2d. 310 (D.N.J. 2006)...............12

Fowler v. UPMC Shadyside, 578 F.3d 2013, 2010-2011 (3d Cir.2009)..........................3

Hundred East Credit Corp. v. Eric Shuster Corp., 212 N.J. Super. 350 (App. Div. 1986) ......13

Interpace Corp. v. Lapp Inc., 721 F.2d 460, 463 (3d Cir. 1983)...................................8

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).............................................3

McLaughlin v. Board of Trustees of National Elevator, 686 Fed. App'x 118 (3d Cir. 2017)...6

M&M Stone Co. v. Commonwealth of Penn, 388 Fed. App'x 156, 162 (3d Cir. 2010).........5

Nat'l Med. Imaging, LLC v. Ashland Funding, LLC, 648 Fed. App'x 251 (3d Cir. 2016)......5

Neveroski v. Blair, 141 N.J.Super. 365, 378 (App.Div. 1976)..................................13

Novartis Consumer Health v. Johnson & Johnson, 290 F.3d 578, 586 (3d Cir. 2002)..........10

Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 226 (1979)....................................6, 7

Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018).................................2

Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005)............................14

Toth v. 59 Murray Enterprises, 2019 WL 95564 (S.D.N.Y. 2019)…………………………..4, 9, 12

United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1181 (8th Cir. 1998)………………..10

Santiago v. Warminster Township 629 F.3d 121 (3d Cir. 2010)………………………..…3

Sandoz Pharm. Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 228-29 (3d Cir. 1990)…...3

Sabinsa Corp. v. Creative Compounds LLC, 609 F.3d 175 (3d Cir. 2010)………………...8

Sebrowski v. Pittsburg Press Co, 188 F.3d 163, 169 (3d Cir. 1999)………………………4

Statutes

15 U.S.C.A. 1125 (a) et.seq…………………………………………………………..…7

N.J.S.A. 56:8-1 et. seq…………………………………………………………….……12

Rules

Rule 12(b)(6)…………………………………………………………………………2

# I. PRELIMINARY STATEMENT

This case involves a group of Plaintiffs who claim they are models and occasionally get minor acting jobs. They are suing a local establishment on the other side of the country, alleging that by using their likeness the local establishment has caused consumer confusion and somehow caused them economic harm. The case is legally and factually untenable and should be dismissed. Please See Attached as **Exhibit A**, a copy of the complaint in this case.

These are not unfamiliar claims for the Plaintiffs. The group of Plaintiffs are litigious, with multiple lawsuits filed seeking the same causes of action. Please See Attached as **Exhibit B**, a list of similar lawsuits filed. Among these similar lawsuits is the case of Toth v. 59 Murray Enterprises, wherein three of the Plaintiffs in this action filed the same claims with the same causes of action against nightlife locations in New York City. In the Southern District of New York, their claims under the Lanham Act were thrown out on summary judgment. Now, the same Plaintiffs cleverly seek an inconsistent verdict in a different jurisdiction. They should be collaterally estopped from bringing those claims.

Defendant Anthem Lounge ("Anthem Lounge") is a small nightclub located inside The Tropicana Casino in Atlantic City. Plaintiffs Tiffany Toth Gray ("Gray"), Rachel Koren ("Koren"), Jessa Hinton ("Hinton"), and Jennifer Zharinova ("Zharinova") are all California residents who allege to have a commercial interest in their likeness.

Anthem Lounge promotes its nightclub on social media using a wide array of graphics and advertisements, many of which are made by a third party contractor.

Plaintiffs allege in their motion that the pictures were placed in the advertisement without their consent.

What is not in dispute, and what defeats the statutory claims put forth by the Plaintiffs, is that there is no measurable harm in the form of consumer confusion, lost earnings, lost property value, or ascertainable loss on behalf of the Plaintiffs. The facts show that none of these elements are pled and none of them can be proven. There are also no facts to establish that at any time the Plaintiffs were acting as consumers. As such, the claims under the Lanham Act and the Consumer Fraud Act should be dismissed.

For those reasons, and the reasons articulated below, Anthem Lounge respectfully requests this court grant its motion to dismiss.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Complaint Does Not Meet the Standard to Survive a Motion to Dismiss

Anthem files this motion as a motion to dismiss under Federal Rule of Civil procedure 12(b)(6). The Supreme Court has held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A complaint, in order to survive a motion to dismiss, must "state a claim to relief that is plausible on its face." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Instead, a complaint will survive a motion to dismiss "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

The Third Circuit has set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss. See Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010). The analysis requires a court to first identify the elements of the claim, then review the complaint to strike conclusory allegations and then evaluate whether all of the elements identified in part one of the inquiry are alleged with sufficient particularity. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than simply allege a plaintiff's entitlement to relief. Fowler v. UPMC Shadyside, 578 F.3d 2013, 210-211(3d Cir. 2009). A well pled complaint can "show" such an entitlement with its facts. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted). Whether or not the complaint satisfies the "plausibility" standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Importantly, when a motion to dismiss is granted for failure to meet the pleading standard, amendment is not always an option. In fact, the court is not required to grant Plaintiffs a right to amendment if doing so would be futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.2d 247, 251 (3d Cir. 2007). Here, not only is Plaintiffs' complaint fatally deficient, but amendment would be futile.

A close reading of the complaint shows that it is full of conclusory statements that do not rise to the level of particularity needed to survive a 12(b)(6) motion. Specifically, the Plaintiffs attempt to pass off key elements as a given, such as the existence of consumer confusion or the damage done to their marketability of their likeness. Under the motion to dismiss standard, these conclusory statements cannot survive a 12(b)(6) motion. As shown throughout their prior litigation, these facts are not only not pled, but cannot be proven. As such, amendment should not be granted as it would be futile. The Plaintiffs' claims should be dismissed with prejudice.

**B. Collateral Estoppel Bars the Lanham Act Claims of Plaintiffs**

Plaintiffs Toth, Koren, and Hinton, have previously litigated the Lanham Act False Endorsement issue in the matter of Toth v. 59 Murray Enterprises ("Toth Plaintiffs"). See Toth v. 59 Murray Enterprises, 2019 WL 95564 (S.D. New York 2019) (Attached as **Exhibit C**). In Toth, the Judge wrote that these three individuals could not support a claim for false endorsement under the Lanham Act because none of them could establish "sufficiently strong marks and no reasonable juror could find that the use of these images in the Club's advertisements is likely to cause consumer confusion." Id. As such, the doctrine of collateral estoppel (also known as issue preclusion) prevents those Plaintiffs from relitigating the same issue in a new action.

Collateral estoppel applies to bar "re-litigation of a particular fact or legal issue that was litigated in an earlier action." See Sebrowski v. Pittsburg Press Co, 188 F.3d 163, 169 (3d Cir. 1999). Collateral estoppel may be invoked if:

1) The factual or legal cause in the second case is identical to that in the first case.

2) There was a final adjudication on the merits.

3) The party against whom the bar is asserted is a party to the prior adjudication.

4) That party had a full and fair opportunity to litigate the issue in question. Id.

Here, each one of the prerequisites to invoke collateral estoppel are present. The Toth Plaintiffs are relitigating the same issues in a different forum and hoping to get an inconsistent decision. For that reason, they should be barred from bringing any claim under the Lanham Act in this matter. Despite being an affirmative defense, the court is empowered to use the doctrine of collateral estoppel to dismiss the complaint at the motion to dismiss stage. See M&M Stone Co. v. Commonwealth of Pennsylvania, 388 Fed. App'x 156, 162 (3d Cir. 2010), See also Connelly Found v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972).

**1. The Toth Plaintiffs assert the same legal issue relying on the same facts in both lawsuits.**

The Toth Plaintiffs, in bringing an action against 59 Murray Enterprises, asserted the same cause of action under the Lanham Act that they now try to relitigate against Anthem Lounge. Issues are considered sufficiently similar when "the same legal rules govern both cases." See Hailey v. City of Camden, 650 F. Supp. 2d 349, 354 (D.N.J. 2009). Claims that arise in a slightly different context do not undermine the application of collateral estoppel. Id. at 355. Differences between the facts and issues in the two cases only defeat summary judgment if they have "actual legal significance." See Nat'l Med. Imaging, LLC v. Ashland Funding LLC, 648 Fed. App'x 251, 256 (3d Cir. 2016).

Here, the Toth plaintiffs have multiple preclusive bars to suit because both the legal issues and the actual facts governing the legal issues were previously litigated. The doctrine of collateral estoppel can preclude both issues and facts from relitigation. See Seborowski, 188 F.3d at 169 citing Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). Not only are the Plaintiffs precluded from contesting the legal issues, such as the strength of the mark and likelihood of consumer confusion,, but they are precluded from disputing the facts underpinning these issues, such as the lack of any evidence on recognition, are also established. These facts warrant preclusion, and the dispositive nature of these facts mean that the Plaintiffs claim cannot survive.

Both the Toth complaint and the complaint filed against Anthem Lounge allege false endorsement under the Lanham Act. Both are governed by the same standard regarding a strong mark and likelihood of consumer confusion. The Toth Plaintiffs are pursuing this claim in an a different venue hoping to get a different result on the same issue using the same facts. That is exactly what collateral estoppel is designed to prevent.

**2. The Toth Plaintiffs had a final adjudication on the merits.**

The Toth Plaintiffs lost their prior action on a Motion for Summary Judgment. A district court's grant of summary judgement is considered a final adjudication on the merits. See McLaughlin v. Board of Trustees of National Elevator Industry Health Benefit Plan, 686 Fed. Appx. 118, 122 (3d Cir. 2017). The Plaintiffs had the opportunity to conduct full discovery and put these same exact issues in the capable hands of the Southern District of New York. They should not be able to run to another jurisdiction with the same facts and claims, to now seek a ruling contradictory to their initial final judgment.

**3. The Toth Plaintiffs were involved in both litigations.**

Courts have long done away with the traditional notion of collateral estoppel that required both parties to have participated in the prior action and now enforce the doctrine if only the party against whom the doctrine is used was present in both actions. See , 7 Hosiery 439 U.S. at 326 (1979). Here, it is undisputed that the Toth Plaintiffs were present in both actions and they participated in the Toth litigation up until their causes of action were dismissed on summary judgment. \

**4. The Toth Plaintiffs had a Full and Fair Opportunity to Litigate the Issue in their Prior Action**

The Toth Plaintiffs were all parties in the prior action. They fully litigated the case through discovery and onto a motion for summary judgment. There was extensive discovery related to the Toth Plaintiffs and their claims. There is no dispute that the Toth Plaintiffs had a full and fair opportunity to litigate this issue the first time.

**C. None of the Plaintiffs State a Claim Under the Lanham Act**

While collateral estoppel should bar the Toth Plaintiffs from proceeding with their action here, none of the Plaintiffs state a claim under the Lanham Act.

Section 43 of the Lanham Act prohibits the use of a protected mark in a way that is likely to cause consumer confusion "as to the origin, sponsorship, or approval of [defendants'] goods." See 15 U.S.C.A. 1125 (a)(1)(A). A false endorsement case requires a plaintiff to show that its mark is legally protectable; it owns the mark; and the defendants' use of the mark to identify its good or services is likely to create confusion

regarding plaintiff's sponsorship or approval of the goods or services. See Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1014 (3d Cir. 2008).

In contention in this litigation is the final element, that the Anthem Lounge's use of the images created consumer confusion. The Third Circuit sets forth a number of elements that indicate consumer confusion in Interpace Corp v. Lapp, Inc, many of which are relevant to a false endorsement case. See Interpace Corp v. Lapp Inc., 721 F.2d 460, 463 (3d Cir. 1983). The most relevant factors delineated in Lapp include the strength of the mark and the evidence of actual confusion. Id.

**1) The Plaintiffs do not have a strong mark capable of causing consumer confusion.**

None of the Plaintiffs in this matter have a mark strong enough to cause consumer confusion. To determine the strength of the mark, courts not only look to the inherent features of the mark, but also to factual evidence of the mark's commercial strength or marketplace recognition. See Sabinsa Corp. v. Creative Compounds LLC, 609 F.3d 175, 186 (3d Cir. 2010). Here, the Plaintiffs (from California) have pled no facts that support the notion that their likeness has commercial strength and marketplace recognition in the marketplace occupied by Anthem Lounge (the Atlantic City area). The Plaintiffs are asking the court to find that it is plausible that their "likeness" was strong enough to be recognizable thousands of miles away. There are no facts pled that any of the Plaintiffs have any presence in New Jersey or have done any work in New Jersey, let alone Atlantic City. There are no facts pled whatsoever that would point to the "marketplace recognition" of their likeness in the market advertised by Anthem Lounge. The

established fact is that the Plaintiffs do not have a strong mark in any marketplace. All Plaintiffs have are their conclusory statements and these cannot be proven.

Not only is this claim not pled, but it is impossible to prove. This was discussed by the court in Toth. There, the Southern District of New York ruled that none of the three plaintiffs in this action "offered evidence of significant income earned through their various appearances." See Toth at *7. In addition, the court held that even though the three plaintiffs in this action "participated in promotional campaigns for a wide variety of brands and appeared in magazines, TV shows, and movies, their resumes are devoid of evidence that ***they actually garnered recognition for any of these appearances***." Id. Even the social media presence of the three common Toth plaintiffs was unpersuasive, as the court held that "regardless of the plaintiffs' presence on social media, they have failed to cite even one example of actual recognition." Id.

These facts are established. In Toth, there was extensive discovery about the Toth Plaintiffs and the strength of their mark. There were interrogatories, document requests, and depositions. Re-litigating the same issues are not going to change the facts. More interrogatories and depositions are not going to magically transform their marks from weak to strong.

The Plaintiffs complaint is deficient on this dispositive issue and even an attempt to replead the complaint would be futile as the Plaintiffs cannot recreate the facts that are already well known.

**2) The advertisements were ambiguous, as opposed to literally false, and the Plaintiffs have not pled actual consumer confusion.**

Section 43(a) of the Lanham Act forbids the use in commerce of "any…false or misleading representation of fact which…misrepresents the nature, characteristics, [or] qualities of another person's goods, services, or commercial activities." See 15 U.SC. 1125(a). The analysis that is required to find a violation of the Lanham Act turns on whether the message or statement is 1) literally false or 2) true or ambiguous with the tendency to deceive customers.

When determining if an advertisement is literally false, a court must determine what precisely the unambiguous statement in the advertisement is and second whether those claims are false. See Novartis Consumer Health v. Johnson & Johnson, 290 F.3d 578, 586 (3d Cir. 2002). Only an unambiguous message can be literally false. Id. The more that the advertisement "relies upon the viewer or consumer to integrate its components and draw the apparent conclusion, however, the less likely it is that a finding of literal falsity will be supported" Id. quoting United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1181 (8th Cir. 1998).

When a claim of literal falsity is not present, plaintiffs bear the burden of proving by a preponderance of the evidence that consumers were actually deceived by the advertisement. See Sandoz Pharm. Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 228-29 (3d Cir. 1990). Therefore, a plaintiff that cannot show literal falsity cannot obtain relief by arguing "how consumers ***could react***", and instead must show "how consumers ***actually do***" react to the advertisement. Id. (emphasis added).

The advertisements in this case were not literally false. Please See Attached as **Exhibit C**, the advertisements in dispute in this case. The advertisements only feature an image of the individual Plaintiffs (as assumed for the sake of this motion). The Plaintiffs names do not appear on the ads. There is no endorsement written on the advertisements. There is no affirmative or explicit statements of support. The images require, as discussed in Novartis, "the viewer or consumer to integrate its components and draw the apparent conclusions". This precludes literal falsity.

Not only is it not pled in Plaintiff's complaint that the images are not literally false, but it is admitted that the images are ambiguous. Specifically, the Plaintiffs plead that;

> "460. Defendants intended to ***create the false impression*** that Plaintiffs were affiliated with or otherwise endorsed Defendants' business." See Exhibit A, 460 (emphasis added).

Further, Plaintiffs complaint fails to plead any facts that support actual consumer confusion, and instead rely solely on the presumption of consumer confusion. The Plaintiffs' complaint admits:

> "462. Defendants misappropriation of Plaintiffs' images **is likely to cause** confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Defendants' restaurant, shot-bar, and lounge business.

463. **Upon information and belief**, Defendants misappropriation has caused actual consumer confusion among consumers as Plaintiffs' affiliation with, endorsement of, and participation in Defendants' restaurant, shot-bar, and lounge business." Id.

Without literal falsity, the Plaintiffs are left to plead and prove that actual consumer confusion has occurred. That has not been pled, and it cannot be proven. This is especially true of Plaintiffs who have not "actually garnered recognition for any of [their] appearances." Toth, 2019 WL at *7. Their claim under the Lanham Act fails on this point.

**D. The Plaintiffs' Statutory and Common Law Claims Should be Dismissed**

For the reasons stated above, the Plaintiffs' New Jersey statutory and common law claims should also be dismissed. Claims under the Lanham Act and New Jersey statutory and common law have the same elements and are analyzed the same. Buying For The Home, LLC v. Humble Abode, LLC, 459 F.Supp.2d. 310 (D.N.J. 2006). Plaintiffs are unable to state a claim under common law unfair competition or the New Jersey Unfair Competition Act for the same reasons their Lanham Act claims fail: they face issue and fact preclusion, they do not have strong marks, and they did not plead and cannot show consumer confusion.

For those reasons, the claims under New Jersey statutory and common law should be dismissed.

**E. The Plaintiffs Do Not Have Standing to Bring a Consumer Fraud Act Claim**

The Plaintiffs bring claims under the Consumer Fraud Act, N.J.S.A. 56:8-1 et. seq ("CFA"), that are baseless. In the Plaintiffs' other counts, they claim they are

professionals with a commercial interest in their likeness. However, the CFA claims require the Plaintiffs to have acted as consumers in the marketplace. They did not. In addition, the Plaintiffs have not pled any facts to make it plausible that they suffered an ascertainable loss. As such, they do not have standing under the Consumer Fraud Act.

**1. In the context of their claims, the Plaintiffs are not consumers who are protected by the Consumer Fraud Act.**

The Consumer Fraud Act was passed to allow the Attorney General and private parties to "combat the increasingly widespread practice of defrauding the consumer." Cox v. Sears Roebuck & Co., 138 N.J. 2 (1994). The Act "unquestionably was designed to protect consumers." Hundred East Credit Corp. v. Eric Shuster Corp., 212 N.J. Super. 350, 355 (App. Div. 1986) While the legislative purpose of providing relief for consumers is clear, the word "consumer" is undefined in the Consumer Fraud Act and has been interpreted in the context of "[its] ordinary meaning ... in the market place," affording protection to individual purchasers. Neveroski v. Blair, 141 N.J.Super. 365, 378 (App.Div. 1976).

New Jersey courts have characterized consumers as those who both "use and consume economic goods and services," BOC Group, Inc. v. Lummus Crest, Inc., 251 N.J.Super. 271, 277 (Law Div.1990). Despite the broad interpretation of the Consumer Fraud Act, it does not cover everything that happens in the marketplace. See Hundred East Credit Corp., 212 N.J. Super. at 356-57. Instead, the statute is intended to govern only consumer transactions. Id.

The Plaintiffs are not bringing this action as individuals who "use and consume economic goods and services." See BOC Group, Inc, 251 N.J. Super. at 271. Instead, they are bringing this action based on their alleged commercial interest in their own likeness. Nowhere in the complaint are any facts that they were acting as consumers for the purposes of these claims. The legislative history and the New Jersey Supreme Court are clear: The Consumer Fraud Act provides relief for consumers. Plaintiffs cannot satisfy this most basic requirement. As such, their Consumer Fraud Act claims should be dismissed.

**2. The Plaintiffs cannot show the required element of ascertainable loss.**

Even if the Plaintiffs were acting as consumers, there are no facts in the complaint that establish that the Plaintiffs suffered an ascertainable loss, which also defeats their claim under the Consumer Fraud Act.

Ascertainable loss is an essential element of a claim under the New Jersey Consumer Fraud Act. See D'Agostino v. Maldonado, 216 N.J. 168, 191 (2013). An ascertainable loss must be capable of calculation. Id. A traditional ascertainable loss takes the form of an out of pocket loss, the loss of value in property, or the loss of the benefit of the bargain. Id. An ascertainable loss cannot be "hypothetical and illusory", and instead "must be presented with some certainty demonstrating that it is capable of calculation." See Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005).

The loss outlined in Plaintiffs complaint is "hypothetical and illusory." Id. The Plaintiffs claim consumer confusion and damage to the commercial interest in their likeness, but provide no specific facts to justify either. Instead, they rely solely on conclusory statements. The Plaintiffs would be unable to prove ascertainable loss,

particularly considering the limited exposure of the Anthem Lounge advertisements. Even if the Plaintiffs were presenting a case as consumers, their claim would fail on this basis.

**Oral Argument Requested**

Plaintiff respectfully requests that the Court hear oral argument on this matter.

**III. CONCLUSION**

For all of the reasons set forth above, it is respectfully requested that the Court Grant Anthem Lounge's Motion to Dismiss.

Respectfully submitted,

Leo B. Dubler III