UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ROSA ACOSTA, et al.** | |
| Plaintiffs, | Civil Action No. 18-17710 (MCA) (MAH) |
| v. | |
| **ANTHEM LOUNGE, et al.,** | OPINION |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant Anthem Lounge's Motion to Sever. The Court decided this motion without oral argument. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the Court will grant Anthem Lounge's motion and order severance pursuant to Rule 21 of the Federal Rules of Civil Procedure.

## II. BACKGROUND

Plaintiffs are thirty-two professional models, actors, and actresses who reside in California, Nevada, Florida, and the United Kingdom. *See* Compl. ¶¶ 1-33, D.E. 1. Each Plaintiff "earns a living by commercializing [his or her] identity, image, and likeness through negotiated, arms-length transactions with reputable commercial brands and companies." *Id.* ¶ 61. Defendants are seven business entities who operate nightclubs, bars, and restaurants in New Jersey. *See id.* ¶¶ 34-58. Defendants maintain websites and social media accounts through which they advertise and promote their respective businesses. *See id.*

Plaintiffs filed this action alleging that Defendants "have brazenly and repeatedly, without consent, misappropriated Plaintiffs' images and likenesses and used them in their advertisements for their businesses." *Id.* ¶ 66. To support their claims, Plaintiffs have compiled a chart identifying

each unauthorized use of Plaintiffs' image in the past six years. *Id.* ¶ 67. As Plaintiffs readily acknowledge, "[n]ot all of the Defendants misappropriated images of all of the Plaintiffs." Pls.' Br. at 2, D.E. 75. Rather, "[e]ach Defendant misused the images of a subset of the Plaintiffs." *Id.* In the five-count complaint,[1] each respective Plaintiff seeks damages, attorneys' fees, and all other available relief against only those entities who misappropriated his or her image. *See* Compl. ¶¶ 74-435. The breakdown of the Plaintiffs' claims is as follows:

1. Rosa Acosta brings this action against Faraones Nightclub ("Faraones") and Infinity Lounge ("Infinity");

2. Jennifer Burciaga brings this action against Bolsillo, LLC ("Bolsillo");

3. Alana Souza brings this action against Faraones;

4. Paola Canas brings this action against Adelphia Deptford, Inc. ("Adelphia"), Bolsillo, Faraones, and Infinity;

5. Kimberley Cozzens brings this action against Bolsillo;

6. John Coulter brings this action against Adelphia;

7. Megan Daniels brings this action against Bolsillo;

8. Mariana Davalos brings this action against Bolsillo and Amikle Restaurant, improperly pled as "Restaurant, Bar and Nightclub owners doing business as Central Park Bar Restaurant and Sushi" ("Central Park");

9. Tiffany Toth Gray brings this action against Anthem Lounge ("Anthem"), Central Park, Bolsillo, and Faraones;

---

[1] Plaintiffs assert claims for misappropriation of likeness and unfair competition under common law (Counts One and Four); violations of the Lanham Act, 15 U.S.C. § 1125(a) (Count Two); unfair competition under N.J. Stat. Ann. §§ 56:4-1 to -2 (Count Three); and violations of the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1 to -211 Count Five). *See* Compl. ¶¶ 436-79.

10. Cielo Jean Gibson brings this action against Bolsillo and Faraones;

11. Jesse Golden brings this action against Adelphia and Bolsillo;

12. Vida Guerra brings this action against Infinity;

13. Hillary Hepner brings this action against Central Park;

14. Jessa Hinton brings this action against Anthem, Central Park, and Rio Lounge ("Rio");

15. Rachel Koren brings this action against Anthem, Bolsillo, and Faraones;

16. Jamie Edmondson Longoria brings this action against Central Park and Bolsillo;

17. Ursula Mayes brings this action against Bolsillo;

18. Carrie Minter brings this action against Faraones;

19. Denise Milani brings this action against Faraones;

20. Dessie Mitcheson brings this action against Faraones and Infinity;

21. Eva Pepaj brings this action against Adelphia and Faraones;

22. Lucy Pinder brings this action against Rio;

23. Lina Posada brings this action against Bolsillo and Infinity;

24. Abigail Ratchford brings this action against Rio;

25. Jessica Rockwell brings this action against Adelphia;

26. Claudia Sampedro brings this action against Faraones and Infinity;

27. Cora Skinner brings this action against Central Park and Faraones;

28. Rhian Sugden brings this action against Adelphia and Bolsillo;

29. Brooke Taylor brings this action against Adelphia, Bolsillo and Faraones;

30. Katarina Van Derham brings this action against Central Park;

31. Irina Voronina brings this action against Central Park and Bolsillo; and

32. Jennifer Zharinova brings this action against Anthem and Faraones.

In sum, eight plaintiffs assert claims against Central Park; seven plaintiffs assert claims against Adelphia; three plaintiffs assert claims against Anthem; fifteen plaintiffs assert claims against Bolsillo; fifteen plaintiffs assert claims against Faraones; seven plaintiffs assert claims against Infinity; and three plaintiffs assert claims against Rio. Anthem now moves to sever the claims brought against it from the remainder of the claims in this action.[2] *See* Motion to Sever, D.E. 66.

## III. ANALYSIS

Rules 18 through 21 of the Federal Rules of Civil Procedure address the joinder of multiple claims and parties into a single action. These Rules grant district courts considerable discretion and flexibility in managing and structuring civil litigation. The issue before the Court is whether these thirty-two plaintiffs may properly litigate this matter against the seven defendants in one action. The Court concludes that Plaintiffs cannot jointly prosecute this action and will sever each Plaintiff's claims with the exception of Plaintiff Rosa Acosta.

Rule 20 addresses the permissive joinder of parties. A plaintiff may join multiple additional plaintiffs into an action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). A party may join multiple defendants into an action if

---

[2] Adelphia has joined Anthem's motion. *See* D.E. 70. Anthem has also moved to dismiss the complaint for failure to state a claim upon which relief may be granted, which remains pending. *See* Motion to Dismiss, D.E. 50. Defendants Rio and Adelphia have joined that motion. *See* D.E. 70-71. With the exception of Bolsillo, the remaining Defendants have answered the Complaint. *See* Infinity, Answer, D.E. 20; Adelphia, Answer, D.E. 23; Central Park, Answer, D.E. 39; Rio, Answer, D.E. 40; Faoraones, Answer, D.E. 51. Adelphia has also filed a Third-Party Complaint against various independent contractors who created electronic and hard-print advertising materials for Adelphia. *See* Third Party Complaint, D.E. 30. Rio has also filed crossclaims against its co-defendants. *See* Rio, Answer, D.E. 40

"(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20 further provides that parties in a multi-litigant action need not be perfectly aligned with respect to the claims at issue; rather, "[t]he court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3). Rule 20 also envisions the use of protective orders for case management purposes. "The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b).

Rule 21 is "most commonly invoked to sever parties improperly joined under Rule 20." *Lopez v. City of Irvington*, No. 05-5323, 2008 WL 565776, at *3 (D.N.J. Feb. 28, 2008) (internal quotation marks omitted). "Misjoinder . . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006). Rule 21 prescribes that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. An order severing claims has the effect of "transform[ing] the claims into an entirely independent action with an independent case number and an independent judgment." *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 709, 720-21 (D.N.J. 1999). "[W]hen a court 'severs' a claim

against a defendant under Rule 21, the suit simply continues against the severed defendants in another guise."[3] *DirecTV, Inc.*, 467 F.3d at 845.

### 1. Joinder of Plaintiff's Claims into a Single Action was Inappropriate

The crux of this motion is whether Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences. Anthem asserts that

> [t]he allegations the other twenty eight (28) plaintiffs are making against the other six Defendants have absolutely nothing to do with the advertisements allegedly made by Anthem Lounge. Anthem has never used the images of these twenty eight Plaintiffs, and the transaction that made up their claim are completely separate from the "transactions" that make up the claims asserted [against] Anthem Lounge. Nothing binds them together except for this lawsuit.

Def.'s Br. at 2, D.E. 66. Anthem thus requests this Court sever the claims to avoid requiring Anthem "to go through costly and needless discovery that does not relate to the claims filed against [it]." *Id.* at 4. In Anthem's view, "[t]he claims would be adjudicated in a fair and efficient fashion if separated – so that the discovery and proceedings could focus on the claims levied against each specific Defendant." *Id.*

Plaintiffs disagree. They contend that a single action "will eliminate the possibility of inconsistent judicial determinations, and simultaneously allow for sensible, economical, and reasonable case management." Pls.' Br.. at 2-3. Plaintiffs aver that a single action will avoid multiple depositions of certain litigants and duplicative written discovery, thereby defraying the cost of litigation to all parties. *Id.* at 10-11. Based on *Malibu Media, LLC v. John Does 1-30*, No. 12-3896, 2012 WL 6203697 (D.N.J. Dec. 12, 2012), Plaintiffs assert that it is immaterial that

---

[3] Unlike refiling a claim against a party who has been dropped, the severing of a plaintiff's claim does not implicate statute-of-limitations issues. "The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *DirecTV, Inc.*, 467 F.3d at 845.

Defendants acted independently of each other for the purpose of satisfying Rule 20's requirements. *See* Pls.' Br. at 5-9.

The Court finds Plaintiffs' reliance on *Malibu Media LLC v. John Does 1-30* to be misplaced. Plaintiffs' cited authority is one case in a saga of copyright-infringement swarm cases against BitTorrent software users. In these actions, a copyright holder would file an action against a number of IP addresses and seek expedited discovery for the purpose of subpoenaing internet providers to discover the identity of the alleged infringers. Initially, there was a significant split in authority as to whether the joinder of several dozen (and in some cases, several hundred) of putative infringers in a single action comported with Rule 20. *Compare Malibu Media, LLC v. John Does 1-30*, 2012 WL 6203697, at * 7-8 (finding joinder appropriate and denying motions to sever) *with Malibu Media, LLC v. John Does 1–22,* No. 12-5091, 2013 WL 1704291 (D.N.J. Apr.19, 2013) (finding joinder improper and severing claims).

By 2014, a majority view emerged within this district: the joinder of defendants in these actions is generally improper. *See Malibu Media, LLC v. John Does 1-18*, No. 12-7789, 2014 WL 229295, at *4 (D.N.J. Jan. 21, 2014) (noting that "recent authority in this District has found joinder in this context inappropriate, and judges have either ordered or recommended severance and dismissal of all claims against all defendants other than one defendant, usually John Doe #1"). "[F]or permissive joiner to be appropriate and to not strain judicial resources, there must be a connection between the defendants beyond the copyrighted work and method of distribution, namely that defendants were involved in the *same* transaction with the *same* downloader at the *same* time." *Id.* at *5 (emphasis added) (internal quotation marks omitted). That majority view therefore holds that joinder is improper where independent parties allegedly engaged in infringement or copying on different dates or at different times. *Id.* In such cases, it is possible

"that each defendant would likely assert different factual defenses to the allegations creating factual and legal issues not common to all defendants which would require separate adjudication of these issues; and that many of the owners did not download the Works and thus are not the alleged infringers." *Id.*

The sole United States Court of Appeals to have considered this issue has agreed:

> For purposes of this case, we may assume that two individuals who participate in the same swarm at the same time are part of the same series of transactions within the meaning of Rule 20(a)(2). In that circumstance, the individuals might well be actively sharing a file with one another, uploading and downloading pieces of the copyrighted work from the other members of the swarm.
>
> But [plaintiff] has provided no reason to think that the Doe defendants it named in this lawsuit were ever participating in the same swarm at the same time. Instead, it has simply set forth snapshots of a precise moment in which each of these 1,058 Does allegedly shared the copyrighted work—snapshots that span a period of nearly *five months*. Two individuals who downloaded the same file five months apart are exceedingly unlikely to have had any interaction with one another whatsoever. Their only relationship is that they used the same protocol to access the same work. To paraphrase an analogy offered by amicus counsel at oral argument, two BitTorrent users who download the same file months apart are like two individuals who play at the same blackjack table at different times. They may have won the same amount of money, employed the same strategy, and perhaps even played with the same dealer, but they have still engaged in entirely separate transactions. And simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder. We therefore agree with those district courts that have concluded that the mere fact that two defendants accessed the same file through BitTorrent provides an insufficient basis for joinder.

*AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (internal quotation marks and citations omitted) (brackets removed).

The Court finds the reasoning of *Malibu Media, LLC v. John Does 1-18* and *AF Holdings* to be analogous to the case at hand. The only commonalities among Defendants are the allegations

that (1) "Defendants never sought or obtained permission for any use of any of Plaintiffs' images"; (2) "[n]one of the Plaintiffs have ever agreed, nor would they have agreed, to any use by Defendants of their respective images or likeness to promote Defendants' respective businesses"; and (3) "Defendants have never paid any of the Plaintiffs for their unauthorized uses of Plaintiff[s'] respective images or likenesses." Compl. ¶¶ 69-71. As the *AF Holdings* court aptly stated, "simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *AF Holdings, LLC*, 752 F.3d at 998. Plaintiffs do not allege that Defendants acted in concert; indeed, they have identified discrete publications spanning a six-year period on multiple internet-based platforms. Nor does the Complaint suggest a common scheme or common method that resulted in the obtainment of Plaintiffs' images. Each alleged publication of Plaintiffs' image is a discrete transaction or occurrence within the meaning of Rule 20. Unrelated claims of this nature against independent actors belong in different suits.

The Court also disagrees with Plaintiffs that a single action will result in the most efficient adjudication of their claims. Because each Plaintiff seeks his or her own relief and Defendants' actions are independent from one another, Defendants will likely raise myriad factual and legal defenses to each Plaintiff's respective claims. For instance, to prevail on his or her Lanham Act claim, each Plaintiff "must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising[.]" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014). Plaintiffs will have to submit their own proofs that evidence an injury proximately caused by Defendants' alleged misrepresentations. *See id.* at 140. Adjudicating each Plaintiff's claims will likely involve separate discovery, separate dispositive motions, and separate trials. Once litigation commences in earnest, the respective adverse parties

will almost certainly proceed at different speeds when it comes to preparing their cases and defenses.

This Court acknowledges that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties[,]" and that "joinder of claims, parties and remedies is strongly encouraged." *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (internal quotation marks omitted). Setting aside Plaintiffs' inability to satisfy Rule 20(a)(1)(A) and Rule 20(a)(2)(A), the Court nonetheless concludes that severance of the claims is the best manner in which to proceed. Only at a superficial level does this case involve allegations that are amenable to resolution in a single action. Accordingly, the Court grants Anthem's Motion to Sever.[4]

### 2. Each Plaintiff's Claims Shall be Severed into a Separate Action

Having concluded that severance is warranted, the question becomes how to do so. Anthem seeks to sever the claims by defendant. *See* Proposed Order, D.E. 66. Stated differently, it asks this Court to restructure this action based on each defendant's identity. The Court chooses the opposite approach. With the exception of Plaintiff Rosa Acosta, whose case should proceed under this civil action number, Plaintiffs' claims shall each proceed under a separate civil action number upon payment of the requisite filing fee.

Several principles motivate the Court's decision. First, Plaintiffs, as the masters of their respective complaints, have the right to control their own litigation. Just as a counterclaimant cannot defeat a Plaintiffs' choice of forum, *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002), Anthem cannot force Plaintiffs to have to separately litigate their claims against each defendant. Although Plaintiffs cannot proceed together, this Court will honor

---

[4] The Court notes that the Honorable Leda Dunn Wettre reached the same conclusion in *Acosta v. Highway Entertainment*, No. 18-17725, E.C.F. 88, Sept. 23, 2019.

Plaintiffs' decision to seek relief against multiple defendants in one action.[5] As Plaintiffs point out, a contrary ruling would impose unforeseen hardships on the out-of-state Plaintiffs, *i.e.* multiple depositions and repetitive motion practice. Pls.' Br. at 9-10. Second, the joinder rules do not permit Defendants to restructure Plaintiffs' lawsuit in a manner they see fit. "Under Rule 20, . . . joinder of plaintiffs is at the option of the plaintiffs; it cannot be demanded as a matter of right by the defendant." *Fields v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980) (internal quotation marks and citation omitted); *see also Applewhite v. Reichold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedures 20 is at the option of the plaintiffs . . . ."); 4 James Wm. Moore et al., Moore's Federal Practice § 20.02(2)(a)(i) (3d ed. 1997 & Supp. 2014) ("The defendant has no right to insist that the plaintiff join all persons who could be joined under the permissive party joinder rule.").

### IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant Anthem Lounge's Motion to Sever. An appropriate order will follow.

**Dated: October 18, 2019**

*s/ Michael A. Hammer*
**United States Magistrate Judge**

---

[5] The Court declines to take the extra step of severing each Plaintiff's claims against each particular Defendant into a separate action. Joinder should be broad as possible, *see Hagan*, 570 F.3d at 153, and the Court concludes that the approach described herein strikes the appropriate balance with respect to the Court's aims of efficient case management and docket control, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court.").