UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ROSA ACOSTA, et al.,**

                 **Plaintiffs,**

    v.

**FARAONES NIGHTCLUB, et al.,**

                 **Defendants.**

Civil Action No. 18-17710 (MAH)

**ORDER ON ENTRY OF DEFAULT**

THIS MATTER, having been brought before the Court on motion of Plaintiffs for entry of default against Defendant Faraones Nightclub, Mot. for Entry of Default, D.E. 156;

and the Court having received no opposition thereto;

and the Court having considered the submissions, the record, and the applicable law;

and the Court having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78;

and the Court finding that, on July 19, 2022, the Undersigned ordered that Defendant Faraones Nightclub obtain substitute counsel within sixty (60) days of entry of the Order in light of its counsel's withdraw as its attorney, Order Granting Mot. to Withdraw, D.E. 152, at p. 1;

and the Court finding that Defendant Faraones Nightclub has failed to obtain substitute counsel to date;[1]

and the Court further finding that Defendant Faraones Nightclub has not indicated that it wishes to defend itself in this Action;

---

[1] The electronic docket still indicates, and the Court has not been informed otherwise, that Defendant Faraones Nightclub is proceeding pro se. An entity, however, cannot proceed pro se. *In re 69 N. Franklin Turnpike, LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity . . . may not proceed pro se and must be represented by legal counsel.").

and the Court finding that it may enter default against a defendant for failure to comply with court orders, including an order to obtain substitute counsel, *see Hoxworth v. Blinder, Robinson * Co., Inc.*, 980 F.2d 912, 918-19 (3d Cir. 1992) (finding that default may be imposed where a defendant "fail[ed] to comply with [the Court's] own unambiguous orders to obtain substitute counsel") (collecting cases); *MicroBilt Corp. v. Bail Integrity Solutions, Inc.*, Civ. No. 19-637, 2022 WL 2910462 (D.N.J. July 201, 2022) ("Courts in this District have long held that the failure of [an entity] to be represented by counsel . . . is an appropriate basis for the entry of default judgment against the entity.") (quoting *Price Home Grp., LLC v. Ritz-Craft Corp. of Pa.*, Civ. No. 16-668, 2017 WL 5191807, at *3 (D.N.J. Nov. 8, 2017));

and for good cause shown;

**IT IS** on this 22nd day of December 2022,

**ORDERED** that Plaintiffs' Motion for Entry of Default against Defendant Faraones Nightclub (D.E. 156) is **granted**. Plaintiffs shall file any motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendant Faraones Nightclub by or before **February 3, 2023.**

*s/ Michael A. Hammer*
**United States Magistrate Judge**
